GREAT AMERICAN INSURANCE COM-
PANY, Plaintiff-Appellant,

v.

James P. ANDERSON, Purificacion Y. Gentry, Robert R. Gentry, and Sammy Earl Gentry, Defendants-Appellees.

No. 17499.

United States Court of Appeals
Sixth Circuit.

June 6, 1968.

Charles J. Gearhiser, Chattanooga, Tenn., for appellant; Stophel, Caldwell & Heggie, Chattanooga, Tenn., Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, of counsel.

Harry Berke, Chattanooga, Tenn., (Berke & Berke, Chattanooga, Tenn., on the brief), for appellees.

Before COMBS, Circuit Judge, and CECIL and McALLISTER, Senior Circuit Judges.

McALLISTER, Senior Circuit Judge.

Appellant, Great American Insurance Company, brought an action for a declaratory judgment to determine its liability under a policy of insurance. The policy was for automobile liability insurance and was issued by appellant to Southeastern Fleet Leasing Company, Inc., a company in the business of leasing automobiles.

Robert R. Gentry leased an automobile, so insured, from the Southeastern Fleet Leasing Company, Inc. for the purpose of transporting himself and members of his family from Tennessee to Kentucky. During the trip, there occurred a collision between the leased car and another automobile, as a result of which several people in the Gentry car were injured. At the time of the accident, the leased automobile was being driven by Sammy Earl Gentry, a brother of Robert R. Gentry, the lessee of the car. As a result of the accident, six damage suits were filed on behalf of the passengers in the Gentry car against Sammy Earl Gentry and the Southeastern Fleet Leasing Company, Inc. Thereupon, Sammy Earl Gentry called upon the Great American Insurance Company to defend him in these damage suits; and, subsequently, the Great American Insurance Company filed its suit for a declaration of its rights under the policy, which it had issued to Southeastern Fleet Leasing Company, Inc., asking the court to adjudge that Sammy Earl Gentry was not entitled to any defense by the insurance company under the above-mentioned policy and appellant further asked that the plaintiffs in all other damage suits arising out of the accident be temporarily restrained from prosecuting their actions, pending final decision in such declaratory judgment suit.

The grounds of appellant's suit for a declaration of its rights and judgment that Sammy Earl Gentry was not entitled to require it to defend him under the terms of the policy, and for an injunction that the other plaintiffs be restrained from prosecuting their actions against appellant insurance company, are as follows:

The automobile liability insurance policy issued by appellant to Southeastern Fleet Leasing, Inc. provided, as to drivers other than the named insured lessor, that:

"* * * With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * * *"

The lease agreement between Southeastern Fleet Leasing, Inc. and Robert R. Gentry, its lessee, provided:

"Also Lessee agrees to not permit leased vehicle to be used or operated by any person other than himself, except his employer, a regular business employee and any member of his immediate family being over twenty-five years of age and having a license to drive without prior written consent of the Lessor."

Appellant submits that Sammy Earl Gentry, the driver of the leased vehicle at the time of the accident, was not the employer or employee of Robert R. Gentry, the lessee of the Southeastern Fleet Leasing, Inc.; that, although Sammy Earl Gentry was a brother of Robert, he was not a member of Robert's immediate family; that, therefore he was not authorized, under the provisions of the lease agreement, to drive the vehicle leased by Robert; and, accordingly, he was not covered by the insurance policy issued by appellant insurance company to Southeastern Fleet Leasing, Inc. covering specified drivers other than the named insured.

On the trial of the case, both Robert R. Gentry, the lessee of the vehicle, and Sammy Earl Gentry, testified, over the objection of appellant, that they told the agent of Southeastern Fleet Leasing, Inc. that they both would be driving the leased vehicle; that it was being used to transport Robert and the members of his family to the State of Kentucky; that, at that time they were informed by the agent of Southeastern Fleet Leasing Inc. that only one of them needed to sign the lease, and that when the vehicle was leased to Robert, both brothers could drive the car and both would be covered by the automobile insurance.

The foregoing testimony was denied by the agent of Southeastern Fleet Leasing, Inc., who testified that no one, other than Robert R. Gentry, was given permission —written or oral—to drive the leased vehicle.

Appellant's action for a declaratory judgment was tried before a jury and submitted upon two issues: Whether Sammy Earl Gentry was operating the vehicle within the scope of any written permission of the Southeastern Fleet Leasing Inc.; and whether Sammy Earl Gentry was operating the vehicle at the time of the accident within the scope of the oral permission given him by Southeastern Fleet Leasing Inc.

The case was submitted to the jury on both issues. The jury found that Sammy Earl Gentry did not have written permission, but had oral permission of the named insured to drive the vehicle at the time of the accident. Thereafter, the court granted judgment for the defendants, notwithstanding the verdict, upon the first issue—whether Sammy Earl Gentry was operating the vehicle within the scope of the written permission of Southeastern Fleet Leasing, Inc., according to the lease provisions between Southeastern and Robert R. Gentry,—the court finding that Sammy Earl Gentry did operate the vehicle within the scope of such written permission; and it, therefore, entered judgment for the defendants on both issues. The court, accordingly, decided that Sammy Earl Gentry was an additional insured under the policy.

Appellant insurance company contends that the trial court erred in allowing the parole evidence of the Gentry brothers to be introduced to vary and contradict the terms of the lease agreement between Southeastern Fleet Leasing, Inc., appellant's named insured, and the named insured's lessee, Robert R. Gentry.

As stated by the District Court in its opinion, disposing of appellant's motion for a new trial:

"Neither Robert R. Gentry nor Sammy Earl Gentry were parties to the insurance contract and Sammy Earl Gentry was not a party to the vehicle leasing agreement. Even though Robert R. Gentry be considered a privy to the insurance contract by reason of having executed the leasing agreement, and

even though the parole evidence rule extends to both parties and their privies, Sammy Earl Gentry was not a party to either contract. He, not being a party to the leasing contract, would not be prohibited from introducing evidence of parol permission given him by the named insured to operate the insured vehicle. Strangers to a contract are not bound to a contract. Nor are they prevented from introducing parole evidence to vary or contradict the contract."

■ It was not error for the trial court to permit the introduction of parole evidence that Southeastern Fleet Leasing, Inc. had given oral permission to Sammy Earl Gentry to drive the insured car. See Bowaters Southern Paper Corporation v. Brown, 253 F.2d 631 (C.A. 6).

■ If Sammy Earl Gentry had oral permission from Southeastern Fleet Leasing, Inc. to drive the insured vehicle, and was informed at the same time by that company that the insurance would cover him, as well as his brother Robert, Sammy was an insured under the policy at the time of the accident. The jury found that Sammy had oral permission given to him by Southeastern Fleet Leasing, Inc. to drive the insured vehicle. It was not necessary, therefore, for Robert R. Gentry to secure written permission from Southeastern Fleet Leasing, Inc. to allow Sammy to use or operate the vehicle. The foregoing is sufficient to dispose of this appeal.

On the motion for a new trial, the court held that it was unnecessary to decide, at that time, whether a judgment, notwithstanding verdict, in favor of defendants should be entered on the first issue—that Sammy Earl Gentry was operating the vehicle within the scope of the written permission of the lessor—since the court's decision admitting parole evidence on the issue of permission given by Southeastern Fleet Leasing, Inc. to Sammy Earl Gentry, and the jury's verdict that such permission was orally given, was determinative of the fact that Sammy Earl Gentry was an additional insured under the policy of insurance.

To recapitulate, it is evident that the disposition of the above-mentioned "first issue" submitted to the jury proved to be fraught with some difficulty. The trial court, as we have said, submitted to the jury this question whether Sammy Earl Gentry was driving the vehicle within the scope of written permission of the lessor. The jury answered that he was not driving within the scope of such written permission, but had oral permission to do so. Thereafter, the court entered judgment, notwithstanding verdict, on this issue, in effect holding that he was also driving within the scope of such written permission. Appellant then moved for a new trial, contending that the court was in error in entering such judgment, notwithstanding verdict. The court, in passing upon the motion for a new trial, then held it was unnecessary to decide that question since the jury had determined that Sammy was operating the vehicle with the oral permission of the lessor. Although we are of the view that the issue in question is not, in this case, of controlling importance, it merits passing observation.

■ Respecting, then, this first issue submitted to the jury—on the point of Sammy's driving the vehicle within the scope of written permission of the lessor—the determination of that question depends on whether omnibus coverage of the insurance policy would extend to Sammy during the time he was driving the insured vehicle, while riding with Robert R. Gentry, the original permittee, and while the vehicle was being used for a permitted purpose. If the vehicle was being used by Robert R. Gentry although driven by Sammy Earl Gentry, it was being used within the scope of the permission of the named insured, Southeastern Fleet Leasing, Inc., and, therefore, in conformity with the policy of insurance, which provided that there would be coverage if the actual use of the vehicle was with the permission of the named insured. In support of the view that the vehicle was being used by

Robert R. Gentry, who was traveling in it at the time of the accident, although it was being operated by Sammy Earl Gentry, it was said in the leading case of Maryland Casualty Company v. Marshbank, 226 F.2d 637, 639 (C.A. 3):

"[T]he plaintiff seeks to read the term 'use of the automobile' as contained in the policy definition as the equivalent of 'operation of the automobile' and on this premise it argues that Marshbank did not give permission to Charles to operate his automobile. We think, however, that the premise is unsound and that the plaintiff is attempting to create an ambiguity * * *.

* * * The fallacy in the plaintiff's position is that the words 'use' and 'operation', * * * are in this setting words of quite different meaning. For the 'use' of an automobile by an individual involves its employment for some purpose or object of the user while its 'operation' by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another."

In Employers Ins. Co. v. Merriman (decided October 6, 1967), the Tennessee Court of Appeals followed the authority of Maryland Casualty Company v. Marshbank, supra, on the distinction between the use of the terms "use of the automobile" and "operation of the automobile."

However, our determination rests upon the fact that, as found by the jury, Sammy Earl Gentry had permission from Southeastern Fleet Leasing, Inc., to drive the insured vehicle on the understanding that the insurance would cover him as well as his brother, and, that, accordingly, he was an insured under appellant's policy at the time of the accident.

In accordance with the foregoing, the judgment of the District Court is affirmed.