**NORMAN BUNTIN, Appellant**

**v.**

**CONTINENTAL INSURANCE CO., Appellee**

No. 77-2424

United States Court of Appeals

Third Circuit

Argued April 24, 1978

Filed July 3, 1978

THOMAS ALKON, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for appellant*

R. ERIC MOORE, ESQ. (MERWIN, ALEXANDER & O'BRIEN), Christiansted, St. Croix, V.I., *for appellee*

Before GIBBONS, GARTH and HIGGINBOTHAM, *Circuit Judges*

OPINION OF THE COURT

GARTH, *Circuit Judge*

This appeal arises out of a suit on an insurance policy. The district court denied the plaintiff's motion for summary judgment and granted the defendant's cross-motion for summary judgment, holding that the plaintiff was excluded from the policy's coverage. We reverse.

I

On July 4, 1975, Preferred Rentals, Inc. ("Preferred"), a St. Croix, V.I. car rental agency insured by the defendant Continental Insurance Co. ("Continental"), rented a car to Marion Edwards ("rentee"). Two days later, on July 6, Edwards met Clement Richardson and the plaintiff Norman Buntin in a Christiansted bar. The three then decided to drive to Frederiksted. Edwards asked Buntin to drive his rented car, since Edwards was unfamiliar with the Virgin Islands practice of driving on the left-hand side of the road. While en route Buntin collided with an oncoming car. Edwards was killed and Richardson was seriously injured.

In April, 1976, actions were filed against Buntin by Richardson and by Edwards's estate. Buntin notified Continental, the insurer of the rental car, and tendered to it the defense of the two actions. Continental disclaimed coverage and declined to defend Buntin, on the ground that Buntin was not insured under the policy.

5

Both cases against Buntin were consolidated and, after proceeding to trial, judgment was entered in favor of Richardson and Edwards's estate, and against Buntin, in the amounts of $26,500 (plus interest and attorneys' fees) and $165,000 (plus interest and attorneys' fees) respectively. After the entry of these judgments, several settlement attempts were transmitted to Continental. However, Continental continued to disclaim coverage and to deny any liability on its part. Buntin eventually brought this action against Continental, alleging a breach of Continental's obligations under the insurance policy.

The district court held that, by its terms, an endorsement to the policy excluded Buntin from coverage. Since there was no material factual dispute, the district court on September 27, 1977 denied Buntin's motion for summary judgment and granted Continental's cross-motion for summary judgment. This appeal followed.

## II

This dispute essentially involves two provisions of Preferred's insurance policy with Continental. The policy at issue is a standard automobile liability insurance policy. Paragraph III of the policy, entitled "Definition of Insured", provides in relevant part:

With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either . . . .

This clause is known as the "omnibus clause" and is standard in automobile liability insurance policies. The "named insured" is Preferred, the rental agency.

6

Endorsement No. 2, attached as a rider to the policy, and made a part thereof, provides in paragraph 1(a):

1. DEFINITION OF INSURED Subject otherwise to the provisions of the Definition of Insured agreement of the policy.

(a) the insurance with respect to any driverless car applies only to the named insured and rentee and, while used for business purposes of the rentee, and employer or employee of the rentee;

Paragraph 7 of the Endorsement then provides that " '[d]riverless car' means an automobile of the private passenger type while rented without the named insured or a chauffeur of the named insured in attendance."[1]

Also relevant is Paragraph 8 of the Rental Agreement, which provides that the "Lessor provides liability insurance for Customer [Edwards] and any Authorized Operator described herein in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy. . . . The permissive use of Vehicle by Customer or any Authorized Operator is expressly limited by . . . conditions on the reverse side hereof. . . ." It is provided on the reverse side of the Rental Agreement that:

Customer agrees not to permit use of Vehicle by any other person without obtaining Lessor's prior written consent. Vehicle shall NOT be operated by any person except Customer and the following Authorized Operators who must be validly licensed to drive and have Customer's prior permission; persons 21 or over who are members of Customer's immediate family and permanently reside in Customer's household; the employer, partner, executive officer, or a regular employee of Customer; additional authorized operator(s) identified above.

The issue, then, is whether Buntin is included within the coverage of the omnibus clause, or whether he is excluded by Endorsement 2.[2]

---

[1] It is undisputed that the automobile rented to Edwards was a "driverless car" within the meaning of the policy. Edwards was the "rentee" of that car.

[2] It is, of course, clear from the Rental Agreement that Preferred never gave express permission to Buntin to operate the car rented to Edwards.

# III

## A

█ Clearly, Buntin was not given express permission to operate the rental vehicle by Preferred, the named insured. Nonetheless, apart from Endorsement No. 2, Buntin would be an additional insured under the omnibus clause. Courts have generally held[3] that the driver of a vehicle, operating that vehicle with the permission of the named insured's permittee, is an additional insured within the terms of an omnibus clause, where the insured vehicle is being used for a permitted purpose, even though the named insured did not expressly authorize the driver to use the vehicle. Thus, if an automobile is being used with the permission of the named insured, a driver of the vehicle, though not the person expressly authorized to use the car by the named insured, is an additional insured since the driver is legally responsible for the car's use. See, e.g., Maryland Casualty Co. v. Marshbank, 226 F.2d 637 (3d Cir. 1955); Great American Insurance Co. v. Anderson, 395 F.2d 913 (6th Cir. 1968); Persellin v. State Automobile Insurance Association, 32 N.W.2d 644 (N.D. 1948); State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co., 154 W. Va. 448, 175 S.E.2d 478 (1970); Couch on Insurance 2d § 45:291, 293; 7 Appleman, Insurance Law and Practice, §§ 4353–61, 4453 (West 1962 & Cum. Supp. 1972 & 1977 Supp.). See also Grant v. Knepper, 245 N.Y. 158, 156 N.E. 650 (1927) (Cardozo, J.).

The case of Persellin v. State Automobile Insurance Association, supra, is instructive. In that case, the owner of an automobile (the named insured) turned the car over

---

[3] We note that, in the absence of express local laws to the contrary, the "rules of the common law, as expressed in the restatements of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands . . . ." 1 V.I.C. § 4. Thus in this case we have adopted the general principles of insurance law as developed by courts throughout the nation.

to Shapiro for his use. One evening Shapiro had his friend Persellin and two female friends in the car as his guests. At one point Shapiro asked Persellin to drive. An accident occurred and one of the women sued Persellin, who in turn sued the insurer. Faced with an almost identical omnibus clause, the court noted that the clause included within its definition of an "insured person" two classes of persons: (1) persons using the automobile, and (2) persons legally responsible for the automobile's use, provided the actual use of the automobile is with the permission of the named insured. The court held that Persellin was an additional insured, reasoning that:

[I]t is clear upon the evening in question Shapiro was using the automobile to transport his friends in pursuit of recreation and pleasure. The fact that he asked one of his guests to drive does not negate this conclusion. He was present at all times. It was for him to say, if he wished, where, when and how the automobile should be driven.

32 N.W.2d at 646.

Similarly, in Maryland Casualty Co. v. Marshbank, supra, the named insured's son, in the presence of the son's friend Charles, requested his father's permission to use the automobile for the purpose of taking some friends to a movie. The father, the named insured, gave his permission. The son took the car, and, while travelling to the theatre, turned the wheel over to Charles. While Charles was driving the car was involved in a collision with two other cars, and two friends, also guests in the car, were seriously injured. The insurer sued seeking a declaratory judgment as to its liability under a policy containing an omnibus clause. This court held that Charles was an additional insured. Judge Maris reasoned:

As the basis for a contrary conclusion the plaintiff seeks to read the term "use of the automobile" as contained in the policy definition as the equivalent of "operation of the automobile" and on this premise it argues that Marshbank did not give permission to

9

Charles to operate his automobile. . . . The fallacy in the plaintiff's position is that the words "use" and "operation", which it seeks to equate as synonymous, are in this setting words of quite different meaning. For the "use" of an automobile by an individual involves its employment for some purpose or object of the user while its "operation" by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another.

226 F.2d at 913. Also, see Great American Insurance Co. v. Anderson, supra, which applied the Marshbank approach to a rented car situation. In Anderson, a rental car company (the named insured) rented a car to the lessee, who then permitted his brother to drive while he continued to ride in the car as a passenger. After an accident occurred the lessee sued his brother (the driver) and the named insured's insurer. The court found that the rental company had given the lessee's brother oral permission to drive, a fact which distinguishes that case from the instant case. However, alternatively the court stated that the brother would be insured under the omnibus clause even without such oral permission:

If the vehicle was being used by Robert R. Gentry [the lessee] although driven by Sammy Earl Gentry [the lessee's brother], it was being used within the scope of the permission of the named insured, Southeastern Fleet Leasing, Inc., and, therefore, in conformity with the policy of insurance, which provided that there would be coverage if the actual use of the vehicle was with the permission of the named insured.

395 F.2d at 916.

◼ In the case sub judice, Preferred, the named insured, gave its permission to Edwards to use the rented vehicle. The accident occurred while Edwards was *using* it, i.e., while the car was being used for Edwards's purposes and benefit, and while Edwards was travelling in, and in ulti-

mate control of, the car. Since the vehicle was being utilized within the scope of the permitted use, that is by Edwards, the person actually operating it would be included within the omnibus clause and would be an additional insured under the policy.

■ Anything in the Rental Agreement which may appear to the contrary would not change this result, inasmuch as the terms of the insurance policy control Continental's liability, not the lease provisions. See Carolina Casualty Insurance Co. v. Transport Indemnity Co., 488 F.2d 790 (10th Cir. 1973).

B

■ Having determined that Buntin would be an additional insured apart from Endorsement No. 2, we must now consider the effect of that endorsement. It is, of course, clear that a typewritten endorsement on an automobile liability insurance policy must be given effect over the printed provisions of the body of the policy to the extent that the body is in conflict with the endorsement. Lumbermen's Mutual Casualty Co. v. Sutch, 187 F.2d 79 (3d Cir. 1952). See, e.g., Farmers Insurance Exchange v. Ledesman, 214 F.2d 495 (10th Cir. 1954).

Continental contends—and the district court held—that the phrase "subject otherwise to the provisions of the Definition of Insured Agreement", contained in the endorsement, means only that the endorsement applies subject to the terms of the main policy in all respects other than the application of the policy to driverless cars. With respect to driverless cars, the endorsement unambiguously provides that the insurance policy applies only to specific individuals, viz, the named insured, the rentee, and the rentee's employer or employees when the car is being used for the business purposes of the rentee. Continental argues that failure to give the endorsement such a restrictive effect renders the endorsement mere surplusage.

11

Buntin, on the other hand, contends that the phrase "subject otherwise to the provisions of the Definition of Insured Agreement of the policy" should be interpreted to *include* the omnibus clause (with its permissive user doctrine explicated in Part III A of this opinion, supra) in the definition of insured contained in the endorsement. Buntin argues that if the endorsement was intended to *exclude* the omnibus clause, the "subject otherwise to" sentence would be unnecessary, since that result (i.e. exclusion of the omnibus clause) would obtain from the language of the endorsement (apart from the "subject otherwise to" language) which seems to limit the definition of insured "only" to the persons listed. Buntin further argues that the restrictive interpretation put forward by the district court and Continental would violate the Virgin Islands' mandatory liability insurance law,[4] 20 V.I.C. § 418(a), and would be in conflict with the terms of the Rental Agreement,[5] thereby indicating that the parties could not have intended such a restrictive interpretation.

---

[4] 20 V.I.C. § 418(a) provides:

   (a) No drive-yourself car may be rented to any person unless liability insurance, set forth in a policy form approved as required by law, has been procured by the licensee, in respect to such car, and is in effect whereby the insurer agrees to pay, subject to the conditions of the policy form, on behalf of the driver (as hereinafter defined), as the beneficiary, all sums which such driver shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death, or because of injury to or destruction of property, including the loss of use thereof (hereinafter referred to collectively as personal and property damages), caused by accident and arising out of the use or operation of the drive-yourself car by the driver. For the purposes of this section and section 419, "driver" shall mean any person, other than the licensee or his agent, using or operating the drive-yourself car with the permission, express or implied, of such licensee or his agent.

   Buntin apparently argues that persons driving the car with the permission of the rentee is operating the car with the implied permission of the licensee (the rental agency). If such is the case, the endorsement as interpreted by Continental would contravene the statutory requirement that the rental agency insure the "driver". We express no opinion with respect to this argument.

[5] The Rental Agreement authorizes members of the rentee's immediate family (who are 21 or over and who permanently reside in the rentee's household) to operate the vehicle. Buntin argues that, under Continental's interpretation, almost all of the "authorized operators" would be denied coverage, and that it is unlikely that the parties would have intended such a result. We express no opinion as to this argument.

■ We do not find it necessary to accept either interpretation. Each interpretation has a certain logic to recommend it, and the endorsement is fairly susceptible of both. It is entirely possible that reasonable persons could differ—as they have—as to the meaning of the endorsement. Moreover, different and more explicit language could have easily been used to express clearly and unequivocally Continental's intent. This being so, we must conclude that the language of the endorsement, and in particular the "subject otherwise to" language, is ambiguous, see Consolidated Coal Co. v. Liberty Mutual Insurance Co., 406 F.Supp. 1292, 1295 (W.D. Pa. 1976), and that as such we cannot clearly ascertain the intended effect of the endorsement.

■ It is settled that any ambiguity or contradiction in an insurance policy *must* be construed against the insurer, and in a manner which is more favorable to coverage. See, e.g., Stroemann v. Mutual Life Insurance Co. of New York, 300 U.S. 435 (1937); Mutual Life Insurance Co. of New York v. Hurni Packing Co., 263 U.S. 167, 175 (1923); Transport Indemnity Co. v. Home Indemnity Co., 535 F.2d 232, 234 (3d Cir. 1976); Daburlos v. Commercial Insurance Co. of Newark, New Jersey, 521 F.2d 18, 26 (3d Cir. 1975). If there is more than one reasonable reading of a policy provision, as is the case here, that provision must be construed against the insurance company which has drafted it. See Continental Casualty Co. v. Beelar, 405 F.2d 377 (D.C. Cir. 1968); Continental Assurance Co. v. Conroy, 209 F.2d 539 (3d Cir. 1954). Since the language of the endorsement in this case is ambiguous, and the effect of endorsement unclear,[6] the endorsement must be interpreted to include the omnibus clause of the basic policy (that is to say, in a manner favorable to coverage). Thus, Buntin, as a matter of law, is an additional insured under the omni-

---

[6] See Liberty Mutual Ins. Co. v. Hercules Power Co., 224 F.2d 293 (3d Cir. 1955).

bus clause. See Part III A of this opinion, supra. We are therefore obliged to reverse the order of the district court, and to direct that the district court enter summary judgment against Continental and in favor of the plaintiff Buntin.[7]

The result which we have reached is consistent not only with established legal principles, but also with salutory policy considerations. Without question, the rental agency, and in turn its insurer, should have foreseen that the rented vehicle might well have come into the hands of a person other than the rentee. They should not, therefore, be able to evade, by means of an ambiguous endorsement, the financial responsibility that is concomitant to the business of leasing cars for profit. Indeed, the New York Court of Appeals has declared, in an almost identical context, and for similar reasons, that similar provisions affecting the rental agency's and the insurer's liability violated the public policy of the State of New York.[8] Motor Vehicle Accident Indemnification Corp. v. Continental National American Group Co., 35 N.Y.2d 260, 360 N.Y.S.2d 859 (1974). Also, see Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972).

---

[7] Buntin also argues that the endorsement should be given no effect because it has not been filed and approved with the Virgin Islands Insurance Commissioner, in violation of 22 V.I.C. § 810(a), which provides:

No insurance policy form other than surety bond forms, or application form where written application is required and is to be attached to the policy, or printed life or disability rider or endorsement form shall be issued, delivered, or used unless it has been filed with and approved by the Commissioner. This section shall not apply to policies, riders or endorsements or unique character designed for and used with relation to insurance upon a particular subject.

Continental responds by arguing that the endorsement at issue is not required to be filed and approved in that it was "designed for and used with relation to insurance upon a particular subject", viz, "driverless cars".

Because of the ground on which we have disposed of this case, we need not, and therefore do not, reach this issue.

[8] The New York court held that car rental companies give constructive permission to those who drive rented vehicles with the consent of the lessee. The court noted that the insurer might have rights of subrogation against the lessee who violated the rental agreement by permitting an unauthorized operator to drive the rented car.

## IV

The order of the district court denying Buntin's motion for summary judgment and granting Continental's cross-motion for summary judgment will be reversed. The case will be remanded to the district court for the entry of appropriate orders consistent with this opinion, and the entry of judgment in favor of Buntin.