## C. H. HEIST CARIBE CORPORATION, Plaintiff

v.

## AMERICAN HOME ASSURANCE COMPANY and NORTH RIVER INSURANCE COMPANY, Defendants

Civil No. 79-151

District Court of the Virgin Islands

Div. of St. Croix

June 27, 1980

RICHARD E. DALEY, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiff*

JOHN MAYER, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), St. Thomas, V.I., *for defendant American Home Assurance Company*

JOEL HOLT, ESQ., Christiansted, St. Croix, V.I., *for defendant North River Insurance Company*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This is an action for declaratory judgment by an insured against its insurance carrier. It is now before the Court on cross-motions for summary judgment made by plaintiff and defendant, American Home Assurance Company (American). By its motion plaintiff seeks a judicial declaration that a third party claim in another action based on contractual indemnity is within the coverage of a policy of insurance purchased from American. Plaintiff's motion will be granted.

Plaintiff is an industrial contractor engaged in performing contractual work for Hess Oil Virgin Islands Corp. (HOVIC) at its St. Croix refinery. As a condition of obtaining HOVIC contracts plaintiff was required to execute an agreement whereby it became obligated to indemnify HOVIC for all losses resulting from the work performed by plaintiff on HOVIC premises. Additionally, each job contract between HOVIC and plaintiff contained a similar indemnity clause. To protect itself from potential liability under these indemnity agreements, plaintiff procured from American an insurance policy covering contractual bodily injury and property damage liability. It is this insurance policy which is the subject matter of this action.

Sometime in November of 1974 one of plaintiff's employees was allegedly injured by inhaling toxic fumes while cleaning a HOVIC storage tank. This employee brought a personal injury action

against HOVIC. HOVIC, in turn, impleaded plaintiff under a contractual indemnity theory. Plaintiff notified American of the claim, but American refused to defend. Plaintiff thereupon brought this action. The case is ripe for summary judgment, the only issue being whether the claim by HOVIC against plaintiff is within the coverage of the insurance policy purchased from American by plaintiff.

American denies that it is obligated to defend plaintiff in HOVIC's third party action. American offers three alternative theories which it contends lead to this result:

(a) The contracts under which HOVIC claims the right to indemnity are not the type of contracts covered by the policy;

(b) The insurance policy excludes bodily injury and property damage claims resulting from non-accidental discharge of toxic fumes; and

(c) The insurance policy requires plaintiff to notify defendant of each indemnity contract to which it is a party within 90 days of entering into such a contract. Because plaintiff failed to do so, American is not required to insure against plaintiff's potential contractual liability.

■ American's first argument is without merit. There is no doubt that plaintiff has entered into at least two written indemnity agreements with HOVIC. HOVIC has brought a third party action against plaintiff based on one or more such indemnity agreements. The insurance contract requires American to defend plaintiff in such an action even if the basis for the action is groundless or fraudulent. The fact that the third party action may yet prove to be without merit does not relieve American of its duty to defend plaintiff against it.

■ Defendant's second argument is likewise without merit. The specific exclusion on which American relies reads as follows:

(m) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

The clear meaning of this clause is to exclude coverage for non-accidental environmental pollution. The present case involves a

personal injury from inhalation of residual toxic fumes in a storage tank. This exclusion clause is therefore inapplicable.

American's final argument is based on its interpretation of certain language contained in the insurance contract, including a typewritten endorsement set forth on a contract designation form. The relevant language reads as follows:

> The company (American) will pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under a contract *designated in the schedule for this insurance,* shall become legally obligated to pay as damages. . . . (Emphasis added.)

Attached to this policy endorsement is a printed form styled "CONTRACTUAL LIABILITY INSURANCE (Designated Contracts Only)". The form contains the following printed language:

> The insurance afforded for contractual liability is only with respect to such of the following coverages as are indicated by a specific premium charge applicable thereto.

In the body of the form, opposite a charge for advance premiums, is the following typewritten language:

> BLANKET AUTOMATIC CONTRACTUAL (90 days reporting)

American contends that the effect of this typewritten language is to provide insurance coverage with respect to only those indemnity contracts reported to American by plaintiff within 90 days of their inception. It is uncontroverted that plaintiff did not notify American of any specific indemnity agreements into which it entered. If one accepts American's interpretation of the typewritten language, there is no question that plaintiff is not covered with respect to the third party action brought against it by HOVIC. The decision in this case, therefore, turns on the proper interpretation of this language.

The first part of the typewritten language is reasonably straightforward. Given the context, the words "blanket automatic contractual" should be interpreted to mean that the policy automatically covers all risks of liability contractually assumed by the insured. It is less clear, however, as to what meaning should be assigned to the rather cryptic parenthetical phrase "(90 days reporting)". Assuming, arguendo, that the parenthetical phrase imposes some reporting requirement as a precondition of insurance coverage, it is not at all clear as to just what the reporting requirement refers. The phrase may just as easily require the reporting of:

(a) the inception of any indemnity contract entered into by the insured;

(b) any occurrence which could give rise to contractually assumed liability for personal injury or property damages; or

(c) claims made on the basis of contractual indemnity.

 Language of an insurance contract should be considered to be ambiguous if it is reasonably susceptible of two different interpretations. C. Raymond Davis and Sons, Inc., 467 F.Supp. 17, 20 (E.D. Pa. 1979); Consolidation Coal Co., Inc. v. Liberty Mutual Ins. Co., 406 F.Supp. 1292, 1295 (W.D. Pa. 1976). This is obviously the case here. Where ambiguity exists in a contract of insurance, the ambiguity is to be resolved in favor of the insured. Stroehmann v. Mutual Life Ins. Co. of New York, 300 U.S. 345 (1973); Buntin v. Continental Ins. Co., 583 F.2d 1201, 1207 (3d Cir. 1978); Transport Indemnity Co. v. Home Indemnity Co., 535 F.2d 232, 235, 236 (3d Cir. 1976). If one construes the reporting requirement to refer to claims made (assuming that reporting is a precondition to coverage), one must conclude that the insurance policy at issue here covers the third party action brought by HOVIC against plaintiff. If this is so, plaintiff is entitled to summary judgment against American.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that summary judgment be, and is hereby, ENTERED in favor of plaintiff, C. H. Heist Caribe Corporation, against defendant, American Home Assurance Company.