707 F.2d 775
 Evelyn VLASTOS trading as Doggon Sam, 9th and Penn Grill and
Greco Lounge
v.
SUMITOMO MARINE & FIRE INSURANCE CO. (EUROPE) LTD., New
India Assurance Co. Ltd., South British Insurance Co., Ltd.,
Gothaer Versicherunggsbank VVaG, English and American
Insurance Co., Ltd., Pine Top Insurance Co., Ltd., Compagnie
D'Assurances Maritimes, Aeriennes & Terrestres S.A.,
Bellefonte Insurance Co., U.K. Branch, Turegum Insurance
Co., Yasuda Fire and Marine Insurance Co. (UK) Ltd., Orion
Insurance Co., Ltd.
SUMITOMO MARINE & FIRE INSURANCE CO. (EUROPE) LTD., New
India Assurance Co. Ltd., South British Insurance Co., Ltd.,
Gothaer Versicherunggsbank VVaG, English and American
Insurance Co., Ltd., Pine Top Insurance Co., Ltd., Compagnie
D'Assurances Maritimes, Aeriennes & Terrestres S.A.,
Bellefonte Insurance Co., U.K. Branch, Turegum Insurance
Co., Yasuda Fire and Marine Insurance Co. (UK) Ltd., Orion
Insurance Co., Ltd.
v.
Evelyn VLASTOS, trading as Doggon Sam, 9th and Penn Grill
and El Greco Lounge.
Appeal of Evelyn VLASTOS, t/a Doggon Sam, 9th and Penn Grill
and El Greco Lounge.
 No. 82-5514.
 United States Court of Appeals,
Third Circuit.
 Argued March 16, 1983.
Decided May 20, 1983.
 
 Carl E. Harvison (argued), Robert S. Grigsby, Michael D. Heintzman, Thomas, Rhodes & Grigsby, Pittsburgh, Pa., for appellant.
 William R. Tighe (argued), Tighe, Evan & Ehrman, Pittsburgh, Pa., Elliott M. Kroll (argued), Kroll, Pomerantz & Cameron, New York City, for appellees.
 Before ADAMS and GARTH,* Circuit Judges and ACKERMAN, District Judge.**
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 Evelyn Vlastos appeals from a judgment denying her recovery on an insurance policy for a fire that occurred in a commercial building that she owned. Applying Pennsylvania law, the district court declared that Vlastos had unambiguously warranted that the third floor of her building was occupied exclusively as a janitor's residence. Based on this ruling by the court, the jury found that Vlastos had breached the warranty, and the court declined to set aside the jury verdict. Inasmuch as we hold that it was error to determine that the warranty clause in question is unambiguous, the order of the district court will be vacated and the case remanded for further proceedings.
 
 I.
 
 2
 Vlastos owned a 20' X 80' four-story building at 823 Pennsylvania Avenue, Pittsburgh, Pennsylvania. Prior to a fire on April 23, 1980, Vlastos and her son operated a luncheonette and a bar on the first floor of the building. The second and third floors were leased to Spartacus, Inc., which conducted a massage parlor on the second floor. Evidence was introduced at trial tending to show that the massage parlor also utilized at least a portion of the third floor. At the rear of the third floor there was a section variously described as a padlocked room or a section partitioned off from the remainder of the floor. It was in this area that Philip "Red" Pinkney, Vlastos' handyman and janitor, is alleged to have lived. Vlastos kept supplies on the fourth floor, and maintained a small office there as well. She occasionally remained overnight on the fourth floor rather than return to her residence. Vlastos was not staying there the night of the fire, but two friends of hers were residing there temporarily and were killed. A third person was also killed in the fire.
 
 
 3
 All of Vlastos' insurance matters were handled by her broker, John Mitchell. Mitchell obtained insurance for Vlastos from a group of European insurance companies through two sub-brokers. The policy in question, dated November 22, 1979, provided $345,000 of fire insurance with a $1,000 deductible provision. It contained a section, Endorsement No. 4, expressly incorporated into the policy, which stated in part: "Warranted that the 3rd floor is occupied as Janitor's residence."
 
 
 4
 After the building and its contents were destroyed by the fire, the insurers refused to pay the claim, citing an alleged breach of the warranty. Vlastos filed a complaint based on diversity jurisdiction.[1] The jury trial was bifurcated as to liability and damages; the parties agreed that Pennsylvania law is applicable. During the trial on liability, the district court ruled that the insurers were not required to produce evidence that the warranty was material to the risk insured against, holding that materiality was irrelevant. At the conclusion of the evidence, the court denied Vlastos' motion for a directed verdict, and proceeded to charge the jury that the warranty regarding the third floor was breached if a massage parlor occupied any significant portion of the floor, regardless of whether the janitor had a residence there as well. The jury was also instructed that if the third floor was totally unoccupied this too would constitute a breach of the warranty. The sole question put to the jury was: "Have the defendants proved by a preponderance of the evidence that the plaintiff breached the warranty?" The jury answered affirmatively. Vlastos' motions for judgment notwithstanding the verdict or a new trial were denied in a memorandum opinion and order. Vlastos has appealed, raising numerous points, including the contention that the jury was incorrectly instructed that the warranty was unambiguous.
 
 II.
 
 5
 Vlastos objects that "no proof was offered that the provision in Endorsement No. 4 actually was a warranty." Reply Br. 1. Although her brief does not specify an alternate characterization of the provision, presumably she means to assert that it was a representation. If, as Vlastos implies, it was a representation, then the insurers would be under an obligation to show that the provision was material to the risk insured against in order for the insurers to avoid their obligations under the contract.
 
 
 6
 A representation, unlike a warranty, is not part of the insurance contract but is collateral to it. If a representation is not material to the risk, its falsity does not avoid the contract. On the other hand, the materiality of a warranty to the risk insured against is irrelevant; if the fact is not as warranted, the insurer may deny recovery. See Rittenhouse Foundation, Inc. v. Lloyds of London, 443 Pa. 161, 168-69, 277 A.2d 785, 789 (1971); Karp v. Fidelity-Phenix Fire Insurance Co., 134 Pa.Super. 514, 517-18, 4 A.2d 529, 531 (1939); Lotman v. Security Mutual Life Insurance Co. of New York, 478 F.2d 868, 870 (3d Cir.1973); Pugh v. Commonwealth Mutual Fire Insurance Co. of Pennsylvania, 195 F.2d 83, 85-6 (3d Cir.1952). In case of doubt, courts normally construe a statement in an insurance contract as a representation rather than a warranty. See 12A V. Appleman & J. Appleman, Insurance Law and Practice Sec. 7342 (1981); 43 Am.Jur.2d, Insurance Secs. 1027, 1028 (1982). But no reason has been advanced for doubting that the provision in question here--which by its terms "warrant[s]" a fact and is part of the insurance contract--is a warranty. Accordingly, we cannot hold that it was improper for the trial judge to read this provision as a warranty. The district court therefore did not err in ruling that evidence of materiality would not have been relevant to the question whether Vlastos can recover on the policy.
 
 
 7
 The parties agree that the provision in question concerned a state of affairs existing at the time the contract was signed, and was not a promise that a janitor would occupy the third floor in the future. In other words, the provision is satisfied if a janitor occupied the floor on Nov. 22, 1979, the date the policy was issued, even if the situation had changed by the time of the fire several months later.[2] The district court erroneously instructed the jury on this issue at two points. It stated that Vlastos agreed that the floor "would be occupied as a janitor's residence" (App. 389, emphasis added) and that the warranty was breached if "at the time of the fire" a massage parlor occupied any significant portion of the floor (App. 390, emphasis added). If the district court on remand decides that the case must be retried (see infra, Part III), then it should instruct the jury that the relevant time for purposes of the warranty is the time at which the parties entered into the contract.[3]
 
 III.
 
 8
 Having established that Vlastos did warrant that at the time she entered into the contract "the 3rd floor [was] occupied as Janitor's residence," it must be determined what the language of the warranty should be construed to mean. For the reasons set forth below, the provision must be read in Vlastos' favor, as warranting merely that a janitor occupied some portion of the third floor.
 
 
 9
 Under Pennsylvania law, the question "whether a written contract is ambiguous is one for the court to decide as a matter of law.... Our review therefore is plenary." Northbrook Insurance Co. v. Kuljian Corp., 690 F.2d 368, 371 (3d Cir.1982). "[T]he language of the policy may not be tortured to create ambiguities where none exist." Houghton v. American Life Insurance Co., 692 F.2d 289, 291 (3d Cir.1982); see Northbrook, 690 F.2d at 372. If any ambiguity exists, however, it is well-settled that the ambiguity "must be construed against the insurer, and in a manner which is more favorable to coverage." Houghton, 692 F.2d at 291 (quoting Buntin v. Continental Insurance Co., 583 F.2d 1201, 1207 (3d Cir.1978)) (emphasis in original).[4]
 
 
 10
 "A provision of an insurance policy is ambiguous if reasonably intelligent [persons] on considering it in the context of the entire policy would honestly differ as to its meaning." Northbrook, 690 F.2d at 372 (quoting Celley v. Mutual Benefit Health & Accident Association, 229 Pa.Super. 475, 481-82, 324 A.2d 430, 434 (1974)). Cf. C.H. Heist Caribe Corp. v. American Home Assurance Corp., 640 F.2d 479, 481 (3d Cir.1981) (if terms of insurance policy "are reasonably susceptible of more than one interpretation, they are regarded as ambiguous.") In determining whether there is any ambiguity, the court need not confine its attention to the "four corners" of the contract but may consider external evidence. Northbrook, 690 F.2d at 371-72. Celley, 229 Pa.Super. at 482, 324 A.2d at 434, states that the court may consider "whether alternative or more precise language, if used, would have put the matter beyond reasonable question."[5]
 
 
 11
 Applying Pennsylvania law to the facts of this case, we conclude that the warranty here was ambiguous. Although the view of the insurance companies--that Vlastos stated that the floor was to be the janitor's exclusive province--is a possible construction, a reasonable person could have understood Vlastos to have warranted merely that her janitor lived on the third floor.
 
 
 12
 Even if one takes the warranty clause in isolation, it is questionable that the reading proffered by the insurance companies is the only plausible one. If Pinkney resided on the third floor, then it is not simply and unambiguously false to say that he occupied that floor, even assuming the existence of a significant competing or concurrent use. In response to the query "does a janitor occupy the third floor?" a categorical "no" surely would be misleading at best, and even a qualified "no" ("no, he occupies only part of it" or "no, a massage parlor occupies it as well") is strained. It seems that the most appropriate reply, making the relevant factual assumptions, would be a qualified affirmative ("yes, although he occupies it along with a massage parlor").[6]
 
 
 13
 When the relevant language is examined in the context of the remainder of the policy, and in light of the alleged purposes for the insertion of the warranty, it becomes even more difficult to say that Vlastos unambiguously warranted that her janitor alone occupied the third floor.
 
 
 14
 It is significant that the warranty was not made in the course of a description of the various uses to which the building was being put. The policy did not make any warranties as to any other floors of the building. Thus, it would be reasonable to infer that the warranty evinced a concern that there be a resident janitor rather than an intent that the various floors of the building, such as the third floor, be put to relatively safe uses.
 
 
 15
 Although the actual reasons for the insertion of the warranty are not clear from the record, the insurers represented at trial that one reason was that a resident janitor decreases the risk of losses due to fire. See App. at 358, 372. This purpose of the provision would be fulfilled if Pinkney lived on the third floor, regardless of the proportion of this floor that was reserved for his sole use. Occupancy of the premises by a janitor might increase the likelihood that fire hazards would be taken care of promptly. It also might mean that there is a good chance that if a fire were to begin a responsible person would be on the scene to put it out or call the fire department, thus minimizing the damage from fires that do occur. A full-time resident janitor might also deter prowlers and vandals from entering the building. For reasons such as these, Vlastos could have assumed that the insurance companies looked kindly upon her having a resident janitor, without understanding that the insurance companies had any interest in whether the janitor occupied all or only part of the floor.
 
 
 16
 It is true that a second reason has been proposed for the insertion of the warranty. If a janitor occupied all of the third floor, then no occupant more dangerous--as a massage parlor perhaps is--would be there. Viewed in light of this possible motive, the warranty would have been intended to contemplate the occupancy of the entire third floor. Although this suggestion as to the purpose of the warranty is plausible, it is less obvious than the first suggested reason, especially when it is recalled that the insurers did not request any assurance that extremely dangerous usages were absent from the other three floors of the building.
 
 
 17
 The conclusion that the warranty is ambiguous is buttressed by the consideration that the insurers easily could have precluded doubt by the addition of one word. Had the provision read: "Warranted that the 3rd Floor is occupied solely as Janitor's residence," then the question whether there would be a breach if a massage parlor operated in some of the space would have been unlikely to arise. Cf. Celley, supra, 229 Pa.Super. at 482, 324 A.2d 430.
 
 
 18
 Because the provision is ambiguous, under Pennsylvania law it must be construed in a manner favorable to insurance coverage. We therefore hold that Vlastos warranted only that a janitor resided on the third floor, not that there was no other occupancy of the floor.
 
 
 19
 If any jury issue existed at all, it was simply whether or not a janitor resided on the third floor at the time of the contract. The district court at several points indicated that the insurers had presented no evidence that Pinkney did not live on the third floor, and that it would not let the insurers go to the jury on this question.[7] On the other hand, the district court did instruct the jury that it could find "that nothing occupied the space at all ...." App. 391. There also is some uncertainty whether the district court, in considering the sufficiency of the evidence that Pinkney did not occupy the third floor, focused on the time of the fire as distinguished from the time that the parties entered into the contract. See supra, Part II. Accordingly, on remand the district court should clarify whether, in its view, there was a jury question whether Pinkney lived on the third floor at the time the contract was made. If it determines that there was sufficient evidence to go to the jury on this issue, then a new trial on the liability issue should be held. If there is no jury question, then under the facts of this case a new trial would be unwarranted, and the district court should enter judgment for Vlastos on liability.[8]
 
 IV.
 
 20
 For the reasons set forth above, the judgment of the district court will be vacated, and the matter remanded for further proceedings consistent with this opinion.[9]
 
 
 
 *
 Judge Garth was not present for the argument, but by stipulation counsel agreed that he could participate in the decision by listening to the tape of the argument
 
 
 **
 Honorable Harold A. Ackerman, United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 The insurers subsequently filed a complaint seeking a decree rescinding the insurance policy and a declaratory judgment that the insurers have no obligations to Vlastos under the policy. The only issues presently before us concern Vlastos' complaint
 
 
 [2]
 Thus there is no contention that this provision was a so-called "promissory warranty." See White Realty and Insurance Agency Co. v. Moreland, 215 Pa.Super. 423, 429, 259 A.2d 461, 464 (1969); Karp, supra, 134 Pa.Super. at 518, 4 A.2d at 531
 
 
 [3]
 Vlastos also argues that the evidence that the warranty was breached was insufficient as a matter of law because, among other reasons, it was not specifically directed to the state of affairs existing at the time the contract was made. Because the district court appears not to have ruled on this question, and because it may not even arise on remand, it is appropriate for us not to pass upon it at this time
 
 
 [4]
 See also Collister v. Nationwide Life Insurance Co., 479 Pa. 579, 593-94, 388 A.2d 1346, 1353 (1978), cert. denied, 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 55 (1979); Burne v. Franklin Life Insurance Co., 451 Pa. 218, 226-27, 301 A.2d 799, 804 (1973); Penn-Air, Inc. v. Indemnity Insurance Co. of North America, 439 Pa. 511, 517, 269 A.2d 19, 22 (1970). But cf. Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co., 632 F.2d 1068, 1075 (3d Cir.1980)
 
 
 [5]
 See Buntin, supra, 583 F.2d at 1206 (language found ambiguous, in part because "different and more explicit language could have easily been used to express clearly and unequivocally [the insurer's] intent"); Alexander & Alexander, Inc. v. Rose, 671 F.2d 771, 776 (3d Cir.1982) (relevant to question of whether endorsement is ambiguous that the insurer "knew how to word an endorsement to eliminate any misunderstanding"); Cohen v. Erie Indemnity Co., 288 Pa.Super. 445, 453, 432 A.2d 596, 600 (1981) ("It would have been easy for the [insurer] to set forth its intent in a clear and succinct manner. It certainly has not done so in this situation.")
 
 
 [6]
 Cf. 45 C.J.S. Insurance Sec. 556 at 304 (1946) ("The mere fact that only one room in the house is actually used by the occupant does not render the building vacant or unoccupied.")
 
 
 [7]
 See App. 357 ("You [the insurers] haven't produced any evidence that he [Pinkney] was not there or that he was not a janitor in the ordinary sense of the word ... [the insurers'] only substantial contention ... is that there was a massage parlor there"); App. 360 ("The only evidence I think that you've introduced, at least the evidence that I'm letting you go to the Jury on, is that there may have been a massage parlor there.") See also App. 358, 359. The insurers have not questioned that they bear the burden of proof
 
 
 [8]
 Because we hold that the warranty was ambiguous and must be construed in Vlastos' favor, we need not consider Vlastos' argument that, even if the warranty unambiguously meant what the insurers claim, the insurers had a duty to explain this meaning to Vlastos. Cf. Hionis v. Northern Mutual Insurance Co., 230 Pa.Super. 511, 517, 327 A.2d 363, 365 (1974)
 
 
 [9]
 Vlastos also maintains that the district court abused its discretion in allowing evidence to be introduced that there was a massage parlor on the third floor; in having a signed statement by Vlastos given to the jury with a portion visibly deleted; and in refusing to admonish the jury with greater specificity to disregard certain remarks of counsel for the insurers. We have considered these contentions and conclude that under the facts of this case there was no abuse of discretion. We express no view on the insurers' claim that the district court erroneously excluded certain evidence