**COMMERCIAL UNION ASSURANCE CO., Plaintiff,**
**v.**

**IRWIN MERRILL, VICTORIA PREHN and PCP PARTNERSHIP**
**d/b/a PC PARADISE, Defendants**

D.C. Civ. No. 1997-096

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 14, 1998

Ronald Evans, Esq., (Law Offices of Hymes & Zebedee), St. Thomas, U.S.V.I., *for plaintiff*

Karin A. Bentz, Esq., (Law Offices of Karin A. Bentz), St. Thomas, U.S.V.I., *for defendants*

Thomas K. Moore, *Chief Judge*

### MEMORANDUM

This matter is before the Court on motion of plaintiff, Commercial Union Assurance Company, Ltd. ['Commercial Union'], for summary judgment. Defendants, Irwin Merrill, Victoria Prehn, and

PCP Partnership d/b/a PC Paradise ["defendants"] oppose the motion and have filed a counter motion for summary judgment. For the reasons set forth at the hearing in which the parties presented their arguments to the Court and as elaborated upon below, the Court will deny Commercial Union's motion for summary judgment and deny defendants'motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants Irwin Merrill and Victoria Prehn were at all times material to this matter general partners in PCP Partnership d/b/a PC Paradise ["PC Paradise"]. PC Paradise was engaged in the business of computer sales and service with store locations in Buccaneer Mall in St. Thomas, and in the Orange Grove Shopping Center in St. Croix. David Smith and Michelle Smith were hired to work in the PC Paradise store in St. Croix in September of 1992 and were terminated approximately three months later in December of 1992.

Following their terminations, on or about April 20, 1993, David Smith and Michelle Smith sued Irwin Merrill and Victoria Prehn in Territorial Court, St. Croix Division. (*See David Smith & Michelle Smith v. Irwin Merrill and Victoria Prehn d/b/a PC Paradise*, Terr. Ct. Civ. No. 283/1993 (St. Croix Div.)["Territorial Court action"]). Plaintiffs to the Territorial Court action subsequently filed an amended complaint, alleging breach of express and implied contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, violation of the Virgin Islands Civil Rights Act, violation of the Virgin Islands Discrimination Employment Act, intentional and/or negligent infliction of emotional distress, and violation of the federal Civil Rights Act of 1964.

Commercial Union Assurance Company Limited issued insurance policy number 61 SMP 50485 to PC Paradise. At all times relevant to this dispute, this insurance policy was in effect and covered the defendants. Under various and specifically defined circumstances, as set forth in this policy, Commercial Union has the right and duty to defend any suit seeking damages filed against the defendants. Furthermore, under certain circumstances as stated in the policy, Commercial Union is obligated to pay on

behalf of defendants all sums which the defendants, as the insured, become legally obligated to pay as damages.

By letter dated January 30, 1997, defendants notified Commercial Union of the Territorial Court action and requested that Commercial Union, pursuant to the insurance policy, defend and indemnify defendants. (Defendants' Opp'n to Pl.'s Mot. for Summ. J. at Ex. C.) Commercial Union informed defendants that the claims of David Smith and Michelle Smith were not covered by the insurance policy and, thus, Commercial Union was not obligated to defend or indemnify defendants. Commercial Union nevertheless proceeded to defend the defendants in the Territorial Court action under a reservation of rights, agreeing to pay for the defense only from May 19, 1997, the date that Commercial Union signed the reservation of rights letter. (*Id.*at Ex. G.)

Commercial Union filed an action for a declaratory judgment in this Court, seeking a declaration that the liability insurance policy issued to defendants does not provide coverage for the damages sought against defendants in the Territorial Court action. Subsequently, Commercial Union filed its motion for summary judgment that is now before the Court. Defendants have filed a counter motion for summary judgment, requesting the Court to make a determination of when Commercial Union's duty to defend began.

## II. DISCUSSION

### A. Insurance Coverage

Commercial Union has moved for summary judgment, arguing that none of the claims presented in the Territorial Court action fall within the ambit of the insurance policy provided to PC Paradise. Defendants counter this assertion, stating that they are entitled to coverage under the Personal Injury Liability provisions of the policy. The Personal Injury Liability Coverage, Coverage P, provides that:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses

committed in the conduct of the named insured's business:

. . .

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured . . . .[1]

(*See* Insurance Pol'y No. 61 SMP 50485, Coverage P, submitted with Plaintiff's Mot. for Summ. J. at Ex. C.) Defendants point to Count I of the amended complaint filed in the Territorial Court action which alleges that "as a result of defendants' breach of contract, plaintiffs have suffered damages, including financial loss and dimunition of plaintiffs' career opportunities and employability, and reputations." (Amended Compl. P 16, Territorial Court action, submitted with Defendant's Opp'n to Pl.'s Mot. for Summ. J. at Ex. B ["Amended Compl."].) Defendants argue that this allegation of damage to reputations brings the claim within the insurance policy.

The Court has not discovered any Virgin Islands or Third Circuit Court of Appeals decisions construing a personal injury liability provision as is found in the PC Paradise policy. There are, however, numerous decisions in other jurisdictions interpreting similar, if not identical, policy provisions as the one in dispute, which reach widely varying conclusions. Commercial Union has referred the Court for guidance to *Aetna Casualty & Surety Co. v. First Security Bank of Bozeman*, 662 F. Supp. 1126 (D. Mont. 1987). In *Bozeman*, the district court interpreted a personal injury provision almost identical to that at issue in this matter. The Montana court denied coverage, finding that in order to be covered, the underlying

---

[1] Exclusion C to the Personal Injury Liability states that "this insurance does not apply: . . . (c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured; . . . ." This provision, however, was deleted from PC Paradise's policy before this dispute and is not applicable.

complaint needed to set out the tort of defamation as an enumerated tort.[2]

This Court, however, does not find the court in *Bozeman*'s interpretation of the personal injury liability provision to be persuasive nor reconcilable with Virgin Islands general insurance law principles. If when drafting a policy an insurer fails to "'express clearly and unequivocally its intent' to exclude when it could have done so easily," the Court should find that the policy is ambiguous. *Coakley Bay Condominium Ass'n v. Continental Insurance Co.*, 26 V.I. 348, 770 F. Supp. 1046 at 1050 (quoting *Buntin v. Continental Insurance Co.*, 583 F.2d 1201 at 1206). If Commercial Union intended for only the enumerated tort of defamation to be covered under the personal injury liability provision, specifically under Group B, then it easily could have written the policy to reflect this intention.

For example, Commercial Union could have written the PC Paradise policy to state that "if the insured faces a claim for injury arising out of the enumerated tort of defamation, the personal injury liability coverage would apply." The policy as written, however, goes beyond simply libel and slander, allowing coverage not only for libel and slander but also for "other defamatory or *disparaging material, or a publication or utterance in violation of an individual's right of privacy.*" (Emphasis added.) Under this broader reading of the provision, David Smith and Michelle Smith's claims that defendants' breach of contract damaged their reputations would fall within the zone of covered injuries. To restrict the meaning of this provision solely to claims of libel and slander,

---

[2] Another case cited by Commercial Union also interpreted a personal injury provision almost identical to that at issue. *See Crum & Forster Ins. Co. v. Pacific Employers Ins. Co.*, 907 F. Supp. 312 (D.S.D. 1995). As in *Bozeman*, the court in *Crum* denied coverage but on different grounds. In *Crum*, the court noted that the case was "no longer in the discovery phase" as the parties to the underlying action had entered into a settlement agreement. *Id.* at 314. Without the opportunity for additional discovery, the court found that it would not engage in a guessing game but would instead be restricted solely to the allegations raised in the complaint and the facts as developed before settlement.

This is not the case before the Court. To the best of the knowledge of the Court, discovery has not been completed in this case and additional facts may be discovered which would further support a claim for damage to reputation or even an enumerated tort of defamation in the Territorial Court action. Accordingly, even if the Court were to find that the tort of defamation must be enumerated before the insurance coverage will commence, the matter is not ripe for review on summary judgment as the record before the Court is incomplete.

would be to render the additional language meaningless. *See, e.g., Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 406 Mass. 7, 545 N.E.2d 1156, 1159 (Mass. 1989).

Furthermore, regardless of Commercial Union's intent when drafting the personal injury liability provision, the result was ambiguous. In the Virgin Islands,

> it is settled that any contradiction in an insurance policy must be construed against the insurer, and in a manner which is more favorable to coverage. If there is more than one reasonable reading of a policy provision . . . that provision must be construed against the insurance company which has drafted it.

*Buntin v. Continental Ins. Co.*, 583 F.2d 1201, 1207 (3d Cir. 1978)(construing Virgin Islands law) (citations omitted).[3]

■ Reasonable minds, as evidenced by the varying court opinions, could differ over the intended meaning of the personal injury provision contained in the PC Paradise policy. Accordingly, this Court will construe the provision in the light most favorable to coverage, finding that the provision covers more than the enumerated tort of defamation, namely any claim alleging injury arising out of "the publication or utterance of a libel or slander or of other defamatory or disparaging material."[4]

### B. Notice Requirement

■ Defendants' also have moved for summary judgment, requesting the Court to determine if they provided timely notice to Commercial Union and the extent of Commercial Union's duty to

---

[3] Numerous Virgin Islands decisions subsequently have relied on *Buntin. See, e.g., C.H. Heist Caribe Corp. v. American Home Assurance Co.*, 640 F.2d 479, 481 (3d Cir. 1981)(citing *Buntin*); *Cowpet Bay Village-Stage III v. Commercial Union Assurance Co.*, 1994 U.S. Dist. LEXIS 16176, 1994 WL 714501, at *3 (D.V.I. Nov. 8, 1994) (same); *Coakley Bay Condominium Ass'n v. Marshall & Sterling, Inc.*, 26 V.I. 348, 770 F. Supp. 1046, 1050 (D.V.I. 1991) (same).

[4] In its motion for summary judgment, Commercial Union also addressed the applicability of the Comprehensive General Liability (CGL) provisions of the policy. As this Court finds that coverage is required under the Personal Injury Liability provisions, it will not reach the question of whether coverage is also available pursuant to the CGL provisions.

defend. The PC Paradise policy includes a provision applicable to the "insured's duties in the event of occurrence, claim or suit":

> If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by [the insured] or [the insured's] representative.

(Insurance Pol'y No. 61 61 SMP 50485, "Conditions to Applicable to Section II", § 4(b), submitted with Plaintiff's Mot. for Summ. J. at Ex. C.) Defendants' concede that they did not provide formal notice to Commercial Union until January 30, 1997. (*See* Defendant's Opp'n to Pl.'s Mot. for Summ. J. at 18.) In the Virgin Islands, however, it is well established that the "'violation of a condition concerning timely notice will not bar insurance coverage unless the insurance company can prove it has been 'actually and materially prejudiced' by the insured's failure to meet the condition.'" *Cowpet Bay*, 1994 WL 714501, at *5 (quoting *MacMary Corp. v. Manufacturers Trust Ins. Co.*, 18 V.I. 570, 579 (D.V.I. 1981)); *see also Leuckel v. Federal Ins. Co.*, 303 F. Supp. 407, 410 (D.V.I. 1969); *LaPlace v. Sun Ins. Office, Ltd.*, 298 F. Supp. 764, 767 (D.V.I. 1969).

■ Under Federal Rule of Civil Procedure 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Chelcher v. Spider Staging Corp.*, 32 V.I. 320, 892 F. Supp. 710, 713 (D.V.I. 1995). The Court, at this stage of litigation, however, cannot make such a judgment because the record is incomplete. Discovery has been stayed pending resolution of the issue of whether defendants were entitled to coverage under the policy. Accordingly, the issue is not ripe for summary judgment.

## IV. CONCLUSION

Summary judgment is appropriate only when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PROC. 56(c). As discussed

above, the parties to this matter do not dispute the literal language of the PC Paradise insurance policy nor the language of the amended complaint filed in the Territorial Court action. Thus, no issues of material fact exist as to the determination of the scope of coverage provided by the insurance policy. Since the Court finds, as a matter of law, that Commercial Union's policy to PC Paradise provides coverage to defendants, Commercial Union's motion for summary judgment must be denied. This coverage arises out of the Personal Injury Liability provisions of the policy. The Court further finds that the question of notice is not ripe for summary judgment as the record is not yet complete. Defendants' motion for summary judgment on this point will be denied without prejudice.