## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. THOMPSON.

### No. 6286.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1931.

Rehearing Denied June 15, 1931.

J. Hampton Hoge, of San Francisco, Cal. (A. Dal Thomson, of San Francisco, Cal., of counsel), for appellant.

Norman S. Menifee, of Redwood City, Cal., and Clifton Hildebrand, of San Francisco, Cal. (Thomas F. McCue, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

The following opinion, prepared by RUDKIN, Circuit Judge, is adopted as the opinion of the court by WILBUR and SAWTELLE, Circuit Judges:

PER CURIAM.

This was an action on a policy of automobile insurance to recover the amount of a judgment for damages theretofore recovered by the plaintiff in an action for personal injuries against the person driving the automobile covered by the policy. The omnibus coverage indorsement extended the policy to

apply to any person or persons riding in or legally operating the automobile. The person so operating the automobile was a son of the assured. Under the heading of special conditions, it was stated in the policy that the automobile was principally used in the city or town of Los Altos and in the vicinity of said city or town. This provision was later amended by indorsement so as to show that the address of the assured was Mill Valley, Cal., and that the automobile was maintained, garaged, and principally used in the city or town of Mill Valley. Upon the trial of the action, the jury returned a verdict in favor of the plaintiff, and from the judgment on the verdict the defendant has appealed.

The principal specifications of error are, that the court erred in refusing to direct a verdict in favor of the appellant at the close of all the testimony, for the reason that the uncontradicted testimony showed a breach of the warranty contained in the policy, to the effect that the automobile was maintained, garaged, and principally used in the town or city of Mill Valley, and that the court erred in striking certain testimony tending to prove that the person driving the automobile at the time the appellee received her injuries was intoxicated and for that reason was not legally operating the automobile.

There was testimony tending to prove that the assured was a nurse by occupation, and made her home a part of the time with her son in Mill Valley and a part of the time with her daughter, having no home of her own; that at or about the time the policy in suit was taken out she went to Los Altos to nurse her daughter, who was suffering from tuberculosis, and while there learned to drive the car; that about March, 1928, when the indorsement changing the place of garaging and principal place of use from Los Altos to Mill Valley was made, she went to the latter place to reside with her son; that she never drove the car in San Francisco herself; that, for about six months prior to the accident which gave rise to the present controversy, the car was used by her son and daughter; that the principal use of the car was by her son in driving between San Francisco and Redwood City and Los Altos; that the car was kept in Mill Valley over week-ends and during the remainder of the time was generally garaged some place in San Francisco. There was no testimony tending to prove the extent to which the automobile was used by either the son or daughter, except as above set forth. The appellant offered testimony tending to prove that the insurance rate on automobiles garaged and principally used in San Francisco was considerably higher than the rate on automobiles garaged and principally used in Mill Valley.

On the foregoing facts, the court instructed the jury, in effect, that, if they found that the policy contained a special condition that the automobile would be maintained, garaged, and principally used in Mill Valley, and that thereafter the automobile was, for a considerable period of time prior to the accident, maintained, garaged, and principally used in San Francisco, without notice to the insurer and without a request for an amendment of the special condition changing the place of maintaining, garaging, and principal use to San Francisco, and that such change or amendment would call for a larger premium, the failure of the assured to comply with the special condition avoided the policy, and their verdict should be for the defendant. The court below thus treated this condition of the policy as a warranty, and, without expressing any opinion on the question, we will treat it in the same manner.

There was no exception to the charge as thus given, but counsel earnestly insist that under the undisputed facts the verdict should have been for the appellant, and that the court should have so directed the jury. With this contention we are unable to agree. The meaning of the term "principally" is somewhat uncertain and indefinite at best, and this is especially true where it relates to the movements or place of use of the modern automobile. This was fully recognized by the parties to the contract of insurance, because the policy expressly authorized the use of the automobile at any place within the limits of the United States and the Dominion of Canada. The policy in this respect must therefore be liberally construed. The assured made her home at Mill Valley with her son a portion of the time, and the son resided there continuously. If the son had driven the automobile to his home in Mill Valley every night, making the same use of it during the day, we apprehend there would be little contention that there was a breach of the warranty; and the fact that he returned to his home the greater part of the time by some other means, leaving the automobile on this side of the bay, should not be permitted to change the result.

Nor do we see any merit in the contention that the intoxication of the driver was a defense to the action. The term "legally operating the automobile" means operating

it by right or by lawful authority, rather than operating it in accordance with law. It is a well-recognized fact that nearly all automobile accidents result from infractions of traffic regulations of some kind, and to limit indemnity to unavoidable accidents for which the assured is in no wise responsible would reduce it to a mere shadow. As said by the court in Messersmith v. American Fidelity Co., 232 N. Y. 161, 133 N. E. 432, 19 A. L. R. 876: "To restrict insurance to cases where liability is incurred without fault of the insured would reduce indemnity to a shadow. Neither in the statute nor in its application as shaped by long-continued practice is there the token of an intention that indemnity shall be withheld from owners operating their own cars, and limited to those whose cars are run by servants. Liability of the owner, who is also the operator, can never be incurred without fault that is personal. Indeed, the statute has so covered the field that it can seldom, if ever, be incurred without fault that is also crime. It is a misdemeanor * * * to drive without adequate brakes and horns and lamps * * *; to fail in stated situations to stop on signal * * *; to violate the rules of the road by not keeping to the right * * *; to drive in a careless and imprudent manner or at a dangerous or prohibited rate of speed. * * *"

See, also, Fireman's Fund Ins. Co. v. Haley, 129 Miss. 525, 92 So. 635, 23 A. L. R. 1470; Pawlicki v. Hollenbeck, 250 Mich. 38, 229 N. W. 626; Odden v. Union Indemnity Co., 156 Wash. 10, 286 P. 59; Kautz v. Zurich General Accident & Liability Ins. Co. (Cal. App.) 293 P. 133. The case last cited grew out of the same accident here in question and was covered by the same policy of insurance.

Furthermore, the policy contained an express provision that it should not cover in respect to any automobile while driven or manipulated by any person under the age fixed by law, or under 16 years of age in any event, or while driven or manipulated in any race or speed contest; and, if it were intended to except drunken drivers as well, the policy should have so stated, not leaving the question of liability to depend on some such ambiguous expression as legally operating the automobile.

On the argument before this court, counsel for appellant frankly conceded that mere violations of traffic regulations, such as driving on the wrong side of the highway, or at an unlawful rate of speed, would not avoid the policy or constitute a defense, but argued

that driving while intoxicated is a felony and a different rule should apply. We fail to appreciate the force of this distinction. The defense was based upon the claim that the automobile was not being legally operated at the time of the accident, and, if the term "legally" has the broad significance claimed for it, it would preclude a recovery under the policy for every accident resulting, directly or indirectly, from an infraction of the law, whether felony or misdemeanor.

In the course of the argument before the jury, counsel for appellant stated, in effect, that the appellant was a large and responsible corporation. Counsel for the appellee thereupon replied that there was no evidence in the record to that effect; that in fact the standing of the appellant was not good, judging from the large number of cases piling up against it in court. This latter statement was assigned as misconduct and the appellant moved the court to declare a mistrial. The court denied the motion, but informed the jury that the statement of counsel for the appellee was serious misconduct, that it should not have been made, and admonished them to disregard it. Both statements were outside of the record and should not have been made, but the statement of counsel for appellee was provoked in a measure by the improper statement of counsel for appellant. We have no doubt that the admonition of the court was sufficient to remove any prejudice that might otherwise have resulted from the statement complained of.

We find no error in the record, and the judgment is affirmed.