## UNIVERSAL AUTOMOBILE INS. CO. v. BENOIT.*

### No. 6886.

Circuit Court of Appeals, Ninth Circuit.

Sept. 16, 1933.

C. H. Young and Moore & Shimmel, all of Phœnix, Ariz., for appellant.

James E. Nelson and Geo. T. Wilson, both of Phœnix, Ariz., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This case was submitted to the lower court upon an agreed statement of facts which sets forth that the appellant company issued a policy of insurance to James P. Lutfy on an automobile owned by him; that said person gave his express consent to his brother William P. Lutfy to drive his car, and, while William was so operating the machine, he injured appellee; that at the time of the accident William had neither a permanent nor temporary operator's license as required by the laws of Arizona; that he was afflicted with "tunnel vision," whereby the scope of his vision was narrowed and restricted to a limited section, but this limited vision was unknown to James Lutfy; that suit in the state court against the

*Rehearing denied November 23, 1933.

brothers resulted in a directed verdict for the owner James and a verdict against William in the sum of $10,500; that execution was issued and returned wholly unsatisfied; that the insurance policy in suit contained an extended coverage clause, reading: "In addition to the Assured named in this policy such insurance as is granted under Item 6 and/or Item 7 shall be available, in the same manner and under the same conditions and to the same extent as it is available to the Assured named herein, to any person or persons, except chauffeurs and domestic servants, while riding or legally operating the automobile covered by this policy, and to any person, firm or corporation legally responsible for the operation thereof; but only while it is being used for the purposes specified in Statement 7 of the 'Schedule of Statements' and with the consent of the Assured named herein; or, if such Assured is an individual or an adult member of his household who is not a chauffeur or domestic servant."

Upon such agreed statement, the lower court entered judgment for $5,000 in favor of appellee, the full amount of insurance provided in the policy for bodily injuries to one person in any one accident. The directed verdict in favor of the owner, James Lutfy, was based upon the decision of the Supreme Court of Arizona in a case growing out of the same accident brought by Sadie M. Lockhart. Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975.

The sole question presented by this agreed statement is whether William Lutfy, the driver of the automobile which was insured by appellant company, was "legally operating" that vehicle within the terms of the insurance policy. This court has had occasion to pass upon the words "legally operating" in an extended coverage clause of an insurance policy. In Zurich General Accident & Liability Ins. Co. v. Thompson (C. C. A.) 49 F.(2d) 860, 861, in an opinion prepared by the late Judge Rudkin, it is said: "The term 'legally operating the automobile' means operating it by right or by lawful authority, rather than operating it in accordance with law."

Appellant relies on the decision of this court in the Zurich, etc., Company Case, supra. In the brief appears this statement: "It is our contention that this Court has already accurately and completely defined the term 'legally operating'; and our case is bottomed on its decision in Zurich General Accident & Liability Insurance Company, Limited, v. Thompson (C. C. A.) 49 F.(2d) 860."

Appellant, however, seeks to distinguish the case at bar from the Zurich, etc., Company

Case upon the facts. In the brief it is said: "The Zurich Company claimed its indemnity did not extend to the son-driver because he was intoxicated; Universal maintains its coverage does not embrace William P. Lutfy because he was operating without governmental authority, in violation of a penal statute."

It is clear from a reading of the opinion of this court in the Zurich Case that the court did not expressly consider the question whether an unlicensed operator was within the expression "legally operating the automobile." It does not clearly appear from the opinion whether the driver who occasioned the injury in question in that case was or was not a licensed operator. The opinion cites in support of the rule announced, among other cases, the case of Kautz v. Zurich General Accident & Liability Ins. Co. (Cal. App.) 293 P. 133, 134, and follows the citation with the statement: "The case last cited grew out of the same accident here in question and was covered by the same policy of insurance." A reference to the opinion in the Kautz Case also fails to specifically disclose whether the operator of the automobile was or was not a licensed operator. It is stated in the opinion: "The evidence shows without dispute that Drais at the time of the accident was intoxicated, and defendant contends that the court consequently erred in its conclusion that the driver was legally operating the automobile. * * *"

If the driver of the car was not a licensed operator, that situation was not stressed. In the opinion, however, appears the following expression concerning the law governing under such state of facts: "In each of the following cases the policy was similar in form to the one in question, and the insurer denied liability on the ground that the driver, not having procured an operator's license, was illegally operating the automobile. It was held that, notwithstanding such failure, the car was being legally operated within the meaning of the policy. Odden v. Union Indemnity Co., 156 Wash. 10, 286 P. 59 [72 A. L. R. 1363]; Fagiani v. General Accident, etc., Corporation, Limited, 105 Cal. App. 274, 287 P. 377."

The portion of the opinion in the Kautz Case containing the quoted excerpt was adopted by the Supreme Court of California in the case upon appeal. 212 Cal. 576, 300 P. 34.

In the opinion of this court in the Zurich Case there is also cited with approval the case of Odden v. Union Indemnity Co., 156 Wash. 10, 286 P. 59, 72 A. L. R. 1363. It is clear that, if this court had intended in the Zurich Case in the definition of the term "legally operating the automobile" to have excluded therefrom unlicensed operators, it would not have cited with approval the Odden Case.

Considering a case on appeal to this court wherein the action was to recover from the insurance company for injuries sustained in the same accident as that involved in the Odden Case, Trotter v. Union Indemnity Co., 35 F. (2d) 104, this court disposed of the case by holding that the facts did not establish that the owner of the car had given his consent to its use by the person operating the same at the time of the accident. If mere failure to possess an operator's license as required by the laws of the state of Washington could have been regarded as determinative of the case, a statement of that fact would have been sufficient. It does not appear that the question was deemed of sufficient merit to be urged upon the court.

In the opinion in the Zurich Case, following a number of citations, including that of the Odden Case, appears the following: "Furthermore, the policy contained an express provision that it should not cover in respect to any automobile while driven or manipulated by any person under the age fixed by law, or under 16 years of age in any event, or while driven or manipulated in any race or speed contest; and, if it were intended to except drunken drivers as well, the policy should have so stated, not leaving the question of liability to depend on some such ambiguous expression as legally operating the automobile."

In the case at bar the exclusion clause excludes, not only minors, but illicit or prohibited trade, rental, hire, or livery, races or speed contests, towing or propelling any trailer or vehicle except incidental assistance to a stranded automobile on the road. It may with equal force be said that, if it were intended to except nonlicensed drivers as well, the policy should have so expressly stated.

Affirmed.