**AMERICAN HOME ASSURANCE COMPANY, Plaintiff**

**v.**

**STEPHEN W. DE FREITAS and DRUCILLA BRYAN, Administrator of the Estate of LINDA BRYAN, Defendants**

Civil No. 173/80

District Court of the Virgin Islands

Div. of St. Croix

October 29, 1980

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for plaintiff*

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for defendant De Freitas*

JOSEPH L. COSTELLO, ESQ., Christiansted, St. Croix, V.I., *for defendant Bryan*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This action for declaratory judgment is brought by the American Home Assurance Company requesting that the Court declare that a policy of insurance issued by plaintiff to V.I. Rentals, Inc., did not provide coverage to the defendant De Freitas at the time of his accident on or about October 4, 1979. For the reasons discussed below, the Court rejects this position and declares that the policy of insurance issued to V.I. Rentals, Inc., *did* provide coverage to defendant De Freitas.

The facts of the case are generally not in dispute. Ashford Ballantyne rented a 1979 Chevette on October 3, 1979, at the St. Croix Airport from V.I. Rentals, d/b/a National Car Rental. The car was rented for a period of three days; Ballantyne paid the greater

part of the $125.00 deposit for the rental with the money given him by his friend, Stephen De Freitas. At the time the rental agreement was executed, Ballantyne was alone at the airport and claimed both orally to the rental clerk and on the rental form, that he would be the only driver of the rented car. In fact, the primary reason for renting the car was for Mr. De Freitas to use it to take his driver's test the next day.

On the morning of October 4, 1979, Ballantyne and De Freitas went driving in the rental car, and that afternoon Ballantyne drove De Freitas to take the road test for his driver's license. De Freitas took and passed the test in the rented car, subsequently drove Ballantyne home, and then drove off in the car. There appears to have been no explicit agreement as to who would use the car after the driving test. Ballantyne testified, however, that he knew De Freitas would use the car after the driving test, but he was angry that De Freitas drove off at this time without consulting him.

On the evening of the 4th there was an accident involving the rented Chevette and another automobile in which Linda Bryan, a passenger in the other car, was killed. De Freitas was driving the rented car at the time. Ballantyne was not in the car.

On the back of the National Car Rental Agreement signed by Ashford Ballantyne, under paragraph 5, "Liability Insurance", it is stated that coverage does not apply to: "any liability of any nature whatsoever of a driver who is not an Authorized Driver." "Authorized Driver" is defined in paragraph 1 of the Agreement as:

(i) You (the customer); and/or (ii) a licensed driver who has signed and been accepted as an "Additional Driver" on page 2 (front side) of this Agreement; and/or (iii) a licensed driver who assumes the responsibility of an Authorized Driver and has your permission to use the vehicle and who is at least 18 years old (older—21 or 25—at some locations) and is a member of your immediate family (and resides in the same household) or is your business associate (partner, employer, employee, fellow employee) and is driving the vehicle for customary business purposes.

Clearly, De Freitas was not an "Authorized Driver" as so defined. The question, then, is whether the insurance carrier can escape coverage of De Freitas because of this restriction in the Rental Agreement.

20 V.I.C. § 703 notes in relevant part:

28

An owner's policy of liability insurance (hereafter referred to as the "motor vehicle liability"): . . . .

(b) shall insure the person named therein and *any other person*, as an insured, using any such vehicle or vehicles with the *express or implied permission of such named insured*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles in the Virgin Islands, subject to minimum coverages, exclusive of interest and costs, with respect to each such vehicle, as follows: . . . .

(2) Taxicabs, with passenger capacity not exceeding nine, including driver, and rental cars: Bodily Injury One Person One Accident $10,000.; Bodily Injury Two or more Persons One Accident $25,000.; Property Damage $10,000.

(Emphasis added.)

■ 20 V.I.C. §§ 418 and 419 have similar provisions specifically dealing with the regulation of car rentals (where § 703 and § 418 or § 419 differ, notably in the mandatory minimum amount of property damage coverage, § 703, as the more recent statute, is controlling). It must be determined whether Stephen De Freitas was using the rented 1979 Chevette with the express or implied permission of the named insured, V.I. Rentals, Inc.

■ The controlling case is Buntin v. Continental Insurance Co., 16 V.I. 3, 583 F.2d 1201 (3d Cir. 1978). In Buntin, Edwards signed the rental agreement but Buntin was driving the car at the time of the accident, with Edwards' permission and presence in the car. When Buntin was sued after the accident, he notified the insurer, which disclaimed coverage on the ground that Buntin was not insured under the policy. In Buntin, the liability insurance policy issued to the rental agency contained an omnibus clause identical to the clause contained in American Home Assurance Company's policy covering V.I. Rentals, Inc. The Third Circuit noted that while Buntin was not given express permission by the named insured, he was covered by the omnibus clause:

Courts have generally held[3] that the driver of a vehicle, operating that vehicle with permission of the named insured's permittee, is an additional insured within the terms of an omnibus clause, where the insured vehicle is being used for a permitted purpose, even though the named insured did not expressly authorize the driver to use the vehicle.

Thus, if an automobile is being used with the permission of

the named insured, a driver of the vehicle, though not the person expressly authorized to use the car by the named insured, is an additional insured since the driver is legally responsible for the car's use. See, e.g., Maryland Casualty Co. v. Marshbank, 226 F.2d 637 (3d Cir. 1955); Great American Insurance Co. v. Anderson, 395 F.2d 913 (6th Cir. 1968); Persellin v. State Automobile Insurance Association, 32 N.W.2d 644 (N.D. 1948); State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co., 154 W. Va. 448, 175 S.E.2d 478 (1970); Couch on Insurance 2d, §§ 45:291, 293; 7 Appleman, Insurance Law and Practice, §§ 4353–61, 4453 (West 1962 & Cum. Supp. 1972 & 1977 Supp.). See also Grant v. Knepper, 245 N.Y. 158, 156 N.E. 650 (1927) (Cardozo, J.).

[3] We note that, in the absence of express local laws to the contrary, the "rules of the common law, as expressed in the restatements of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands . . . ." 1 V.I.C. § 4. Thus in this case we have adopted the general principles of insurance law as developed by courts throughout the nation.[1]

■ In the instant case, the rental car was being used for a permitted purpose, e.g., not for commercial purposes. While there is some question as to exactly what kind of understanding Ballantyne and De Freitas had as to De Freitas' use of the car for the afternoon of the 4th, given the clearly permissive nature of De Freitas' earlier operation of the car while taking the license test, and the lack of any explicit withdrawal of permission by Ballantyne, the Court finds that De Freitas' use of the car was at all times with Ballantyne's implied, if not express, permission. Thus, following Buntin, De Freitas was an additional insured.

This result is even more strongly called for by the policy considerations articulated in Buntin. The Third Circuit noted in directing summary judgment for Buntin that:

The result which we have reached is consistent not only with established legal principles, but also with salutory (sic) policy considerations. Without question, the rental agency, and in turn its insurer, should have foreseen that the rented vehicle might well have come into the hands of a person other than the rentee. They should not, therefore, be able to evade, by means of an ambiguous endorsement, the financial responsibility that is con-

[1] Buntin at page 8.

comitant to the business of leasing cars for profit. Indeed, the New York Court of Appeals has declared, in an almost identical context, and for similar reasons, that similar provisions affecting the rental agency's and the insurer's liability violated the public policy of the State of New York.[8] Motor Vehicle Accident Indemnification Corp. v. Continental National American Group Co., 35 N.Y.2d 260, 360 N.Y.S.2d 859 (1974). Also, see Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972).

[8] The New York Court held that car rental companies give constructive permission to those who drive rented vehicles with the consent of the lessee. The court noted that the insurer might have rights of subrogation against the lessee who violated the rental agreement by permitting an unauthorized operator to drive the rented car.[2]

Likewise, American Home Assurance Company should have foreseen that this Chevette might well have been used by another driver than the renter, Ballantyne. While it is true that the insurer may have rights against the rental agency, and the rental agency may have rights for breach of contract against its customer, such rights do not permit the insurer to escape coverage in this situation.

There are distinctions between the instant case and Buntin, to be sure; but they do not change the outcome. The Third Circuit in Buntin found the restrictive endorsement ambiguous in connection with the "omnibus" clause, and so construed the ambiguity against the insurer. This court does not reach the question of whether the attempted exclusion of coverage of non-"authorized" drivers in the National Car Rental Agreement was ambiguous, for such attempted exclusion conflicts with 20 V.I.C. § 703 and must, therefore, fall.

In Buntin, the authorized driver was actually riding in the rented car at the time of the accident; this was not so here. This difference is not dispositive, however, since it is the *permission* of the named insured's permittee (i.e., Ballantyne) which qualifies the driver as an additional insured. This Court does not address the situation where a rental car is stolen, or where a driver is explicitly denied permission to drive the car by an authorized driver; but here, where use was permissive, coverage must apply.

Thus, this Court holds that in light of Buntin and the policy considerations it expresses, 20 V.I.C. §§ 418 and 703 are to be construed as mandating liability insurance coverage of the driver of a vehicle operating that vehicle with the permission of the named insured's permittee, where the vehicle is used for a permitted purpose, even

[2] Buntin at page 14.

though the named insured did not expressly authorize the driver to use the vehicle.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED:

That Judgment be, and hereby is, entered declaring that the policy of insurance issued to V.I. Rentals, Inc., by American Home Assurance Company did provide coverage to defendant De Freitas on October 4, 1979.