## CONTINENTAL INSURANCE COMPANY, Plaintiff

v.

## KENNETH BODIE, Defendant

Civil No. 78-182

District Court of the Virgin Islands

Div. of St. Croix

December 22, 1980

ROBERT ZIMMERMAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

DANTE MATTIONI, ESQ., Philadelphia, Pa., *for plaintiff*

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The action for a declaratory judgment is before the court on the motion and cross-motion for summary judgment of plaintiff and defendant, respectively. As there are no material issues of fact to be resolved, the cause is ripe for summary judgment, and the same will be entered in favor of defendant.

### I. FACTUAL BACKGROUND

On August 8, 1975, Earl Drummond rented an automobile for a three-day period from Preferred Rentals, Inc. (hereinafter "Preferred"), a St. Croix, Virgin Islands, car rental agency insured by the plaintiff Continental Insurance Co. (hereinafter "Continental").

On August 9, the second day of the lease of the vehicle, a daughter of Drummond was to be married on the afternoon of that day. Having the obligation of transporting members of the wedding party to the church, a few miles distant, Drummond turned over the rented car to his 25-year-old brother, Kenneth Bodie, whom he had engaged to drive that group of ushers and bridesmaids. Bodie did not have an

operator's license. Drummond then proceeded to drive his daughter's car, with her as a passenger, to the church.

While en route to the wedding ceremony, Bodie lost control of the rented vehicle. The automobile then left the roadway and struck a tree and a lightpole. Lester Pool, Drummond's nephew, who was a passenger in the back seat, suffered serious injuries in the accident, and as a result, is a permanent quadraplegic.

On February 22, 1980, Lester Pool instituted an action for damages for personal injuries against Kenneth Bodie. Bodie notified Continental, the insurer of the rented car, and tendered the defense of the action to the company. Continental disclaimed coverage and declined to defend. Subsequently, Continental filed the instant action for declaratory judgment seeking a determination that Bodie was not covered by the Continental insurance policy issued to Preferred. In the interim, Pool recovered judgment against Bodie in the sum of $2,720,700.00.

## II. CONSTRUCTION OF THE INSURANCE CONTRACT

The policy at issue is an insurance agreement entered into between Continental and Preferred. The relevant terms of this agreement, and as to this very plaintiff and its insured Preferred, have already been construed by the Third Circuit in Buntin v. Continental Insurance Co., 16 V.I. 3, 583 F.2d 1201 (3rd Cir. 1978), a strikingly similar case.[1] We are, therefore, obliged by the doctrine of stare decisis to follow the higher court's interpretation of the pertinent sections.

Section III(a) of the insurance policy provides the following definition of insured:

> [T]he unqualified word "insured" includes the named insured . . . and also includes any person while using the automobile . . . provided the actual use of the automobile is by the name insured or such spouse or with the permission of either.

This provision is commonly called an "omnibus clause" and is a standard proviso in automobile liability insurance policies. The term "named insured" refers in this case to Preferred.

---

[1] The issue in Buntin was whether the same insurance policy covered a licensed driver who was operating a car rented from Preferred, with the permission of the rentee, while the rentee was in the car. The Third Circuit found that the omnibus clause covered the driver despite the fact that Preferred had not given the driver express permission to operate the car, and in fact, had prohibited his operation of the car in the rental agreement.

An ambiguity occurs in the policy, however, because an alternate definition of insured is provided in Endorsement No. Two, a rider attached to the policy.

### 1. DEFINITION OF INSURED

Subject otherwise to the provisions of the Definition of Insured agreement of the policy

(a) the insurance with respect to any driverless car applies only to the named insured and rentee and, while used for business purposes of the rentee, and (sic) employer or employee of the rentee;

Paragraph 7 of Endorsement No. Two defines a "driverless car" as "an automobile of the private passenger type while rented without the named insured or a chauffeur of the named insured in attendance".

■■ The "subject otherwise to" language in the Endorsement creates a problem because the two definitions of insured do not mesh, but are contradictory, thus engendering the issue of what is the precise scope of the respective definitions of insured. The Third Circuit construed this ambiguity against the insurer, in accordance with the general policy of interpreting provisions against the insurance company which has drafted them. See Buntin, supra, at 13 and cases cited therein. Thus, the Court of Appeals held that Endorsement No. 2 should not be given any effect to the extent that it takes away any coverage that would otherwise be provided by the omnibus clause definition of insured in section III(a) of the policy.

■ Another pertinent provision construed by the Third Circuit was paragraph 8 of the rental agreement which states that the "Lessor provides liability insurance for Customer [Drummond] and any Authorized Operator described herein in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy . . . . The permissive use of Vehicle by Customer or any Authorized Operator is expressly limited by . . . conditions on the reverse side hereof. . . ." The reverse side of the Rental Agreement provides the following:

Customer agrees not to permit use of Vehicle by any other person without obtaining Lessor's prior written consent. Vehicle shall NOT be operated by any person except Customer and the following Authorized Operators who must be validly licensed to drive and have Customer's prior permission; persons 21 or over who are members of Customer's immediate family and perma-

nently reside in Customer's household; the employer, partner, executive officer, or a regular employee of Customer; additional authorized operator(s) identified above.

The Rental Agreement was signed by Drummond, and an oral promise was also exacted by the general manager of Preferred as well as by a rental agent, that Drummond alone would operate the rented vehicle. But the Third Circuit has held that any of the provisions in the Rental Agreement contrary to the omnibus clause, would not vary the terms of the omnibus clause, "inasmuch as the terms of the insurance policy control Continental's liability not the lease provisions." Buntin, supra, at 11. It is thus clear that if the omnibus clause includes Bodie in its definition of an insured, then Bodie is covered by the Continental insurance policy, despite any written promises made by Drummond in the rental contract or any oral commitments made in connection therewith. We turn, then, to a construction of the omnibus clause.

## III. APPLICABILITY OF THE OMNIBUS CLAUSE

██ ██ The omnibus clause extends coverage to any person that is *using* the automobile with the permission of the named insured. Bodie was clearly not given express permission to operate the rented vehicle by Preferred, the named insured. However, implied permission can be found in accordance with the theory propounded by the Third Circuit in Buntin. Our Court of Appeals, while noting that its view was in accordance with the majority of authority, stated "that the driver of a vehicle, operating that vehicle with the permission of the named insured's permittee, is an additional insured within the terms of an omnibus clause, where the insured vehicle is being used for a permitted purpose, even though the named insured did not expressly authorize the driver to use the vehicle," and this, notwithstanding the fact that the permittee agreed not to allow another person to operate the car. Buntin, supra, at 8. See also Couch on Insurance 2d § 45:413 (1964); United States Fire Insurance Co. v. Kendle, 318 N.E.2d 644, 647 (App. Ct. Ill. 1974); Indemnity Insurance Co. v. Metropolitan Insurance Co., 166 A.2d 355, 358 (Sup. Ct. N.J. 1960). The rationale traditionally given by the courts for that construction is that in the context of an automobile insurance policy, the words "operation" and "use" have different meanings.

The *use* of an automobile denotes its employment for some purpose of the user; the word *"operation"* denotes the manipulation of the car's controls in order to propel it as a vehicle. *Use* is thus

81

broader than *operation*. . . . Thus, even though a driver has been expressly prohibited from *operating* the car, he is covered if the car was being *used* for a purpose permitted by the named insured.

Indemnity Insurance Co., supra, at 358.

■ We find, as the Third Circuit did in Buntin, supra, at 10, that Preferred gave the rentee (Drummond in this case) permission to use the rented automobile for the rentee's "purposes and benefit". Bodie was using the car for Drummond's purposes and benefit as he was transporting members of Drummond's daughter's wedding party when the accident occurred. Thus, "[s]ince the vehicle was being utilized within the scope of the permitted use, that is by . . . [Drummond], the person actually operating it would be included within the omnibus clause and would be an additional insured under the policy." Id. We make this finding, despite plaintiff's arguments that a use cannot be permissive unless the actual permittee is present in the vehicle. We decline to adopt this narrow construction of the "permitted use" doctrine, a stance which is not without authority in our circuit. See, e.g., National Grange Mutual Liability Co. v. Metroka, 250 F.2d 933 (3d Cir. 1958); Federal Insurance Co. v. Michigan Mutual Liability Co., 277 F.2d 442 (3d Cir. 1960). See also American Home Assurance Co. v. De Freitas, 18 V.I. 26 (D.C.V.I. 1980) (Silverlight, J., sitting by designation); Jones v. Beaux, 289 So.2d 110, 113 (La. 1974); Couch on Insurance 2d § 45:417 (1964) (by some authority, a third party has been held to be a permitted user of an automobile, and thus an insured within the meaning of an omnibus clause, despite an express prohibition to the contrary by the named insured, when "(1) the original permittee is riding in the car with the second permittee at the time of the accident, *or* (2) *the second permittee, in using the vehicle, is serving some purpose of the original permittee.*") (emphasis added).

■ The plaintiff also contends that Bodie is not an insured within the meaning of the omnibus clause at issue because Bodie was an unlicensed driver at the time of the accident. However, as there is no express clause in the Continental policy which excludes coverage of unlicensed drivers, the Court will not deny coverage on this consideration.

The question has arisen in a number of cases whether the authority to use the car can be delegated by the original permittee to an unlicensed driver . . . [I]t has more frequently been held

82

that lack of a license on the part of the second permittee will not take him outside the coverage of the policy.

Couch on Insurance 2d § 45:415 at 411 (1964). See also International Service Insurance Co. v. Ballard, 216 So.2d 535 (Miss. 1968); Wood v. Kok, 360 P.2d 576 (Wash. 1961); Universal Automobile Insurance Co. v. Benoit, 67 F.2d 52 (9th Cir. 1933).

## IV. POLICY CONSIDERATIONS

██ A finding that the Continental policy provided coverage is consistent with the principles of public policy enunciated by the appellate court in Buntin. The court noted that "[w]ithout question, the rental agency, and in turn its insurer, should have foreseen that the rented vehicle might well have come into the hands of a person other than the rentee. They should not, therefore, be able to evade, by means of an ambiguous endorsement, the financial responsibility that is concomitant to the business of leasing cars for profit." Buntin, supra, at 14. These same policy considerations are equally applicable to the case at bar, as the insurance contract does not specifically exclude coverage of a driver in Bodie's situation. Furthermore, our allowance of coverage in this case also comports with the policies laid down by the Virgin Islands Legislature. 20 V.I.C. § 703 provides in pertinent part:

> An owner's policy of liability insurance . . .
> (b) shall insure the person named therein and any other person, as an insured, using any such vehicle or vehicles with the express or *implied permission* of such named *insured*, against loss from the liability imposed by law for damages arising out of the . . . *use* of such vehicle . . .

(emphasis added). 20 V.I.C. § 418 contains a very similar provision mandating coverage specifically for rented automobiles.[2] As we have found that Bodie was operating the rented car with the *implied permission* of the named insured, the legislative command, that a party, injured by an automobile driven by a permittee, have recourse to a source of funds to compensate him for his injuries, will be respected. See De Freitas, supra, at 31–32 ("20 V.I.C. §§ 418 and 703 are to be construed as mandating liability insurance coverage of a driver of an automobile operating that vehicle with the permission of the named insured's permittee, where the vehicle is used for a

[2] "[W]here § 703 and § 418 . . . differ, notably in the mandatory amount of property damage coverage, § 703, as the most recent statute, is controlling." De Freitas, supra, at 29.

permitted purpose, even though the named insured did not expressly authorize the driver to use the vehicle.").

## V. EXTENT OF LIABILITY

Plaintiff argues that even if this Court were to find that the Continental insurance policy provides coverage for Bodie, the maximum amount of coverage that the policy provides for bodily injury liability to a single person in the instant case is $10,000. Plaintiff contends that even though the policy states that it provides $100,000 of coverage, that coverage only applies to the named insured, Preferred. Coverage for any permittees of the named insured is for $10,000, the minimum limit under the car rental financial responsibility laws. 20 V.I.C. §§ 418 and 703. The plaintiff bases its conclusion on the premise that coverage for Bodie's liability could *only* be found because of the mandates of the car rental financial responsibility laws, and not because of the terms of the policy, and therefore, pursuant to condition 9 of the insurance policy,[3] the coverage provided is only for the minimum limits set by the law.

 The Court disagrees with plaintiff's contentions as Bodie is an insured under the express terms of the policy. The Court need not rely on the financial responsibility laws to find coverage. Thus, the policy limits of $100,000 should apply in this case.

The defendant will submit a proposed judgment to this Court consistent with all the foregoing.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the plaintiff's motion for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendants' cross-motion for summary judgment be, and the same is hereby, GRANTED.

---

[3] Condition 9 provides:
 "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle responsibility law of any state or province, *such insurance as is afforded by this policy for bodily injury liability* or for property damage liability *shall comply with the provisions of such law* which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, *to the extent of the coverage and limits of liability required by such law,* but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." (Emphasis added.)