## FLORIDA COCA–COLA BOTTLING CO. d/b/a THE COCA–COLA BOTTLING CO. OF THE VIRGIN ISLANDS, Plaintiff

### v.

## CAFE DE PARIS, INC., Defendant

Civil No. 357/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 21, 1981

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for plaintiff*

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is now before the Court on a Motion for Continuance and for disposition. For the reasons set out below the Motion will be denied, and the case dismissed for lack of prosecution.

The Complaint in this case was filed on March 30, 1981 and an Answer filed on May 4, 1981. The matter was set for trial on May 26, 1981. Two Motions for Continuance were filed, one by the plaintiff and one by the defendant. The Court granted the continuance. Discovery, in the form of interrogatories, was completed when plaintiff filed answers to defendant's interrogatories on June 19, 1981. The case was again set down for a hearing on September 14, 1981, and the Notice of Hearing was sent out on August 26, 1981. A Motion for Continuance was filed by plaintiff at 3:52 p.m. on September 11, the Friday before the Monday trial date. The motion had not been timely filed, and the Court attempted to inform plaintiff's counsel that it had been denied and the case would go forward. It was then learned that plaintiff's attorney had left St. Thomas 2 days prior for the purpose of taking depositions in Florida. He was not scheduled to, and in fact did not, return and appear at the Monday hearing. The case was called, the defendant answered ready, and the case dismissed.

■ Rule 40, Fed. R. Civ. P. lodges wide discretion with the Court regarding the setting of cases on the trial calendar. This discretion is properly vested since it is the Court which must manage the hearing of a large number of cases. The Court attempts, when it is mutually agreeable and in the best interests of the administration of justice, to accommodate parties in their requests for placing cases on for a hearing. Such attempts are thwarted, however, when counsel independently decide to deviate from accepted practice and the rules of court.[1]

■ The cases are uniform in holding that the denial of a continuance is a decision of the trial judge which will not be reversed on appeal except for abuse of discretion. Concerned Citizens of Bushkill Turnpike v. Costle, 592 F.2d 164, 172 (3d Cir. 1979). The facts presented here demonstrate that the remedy of dismissal was appropriate given counsel's failure to appear and prosecute.

---

[1] Rule 35, Rules Governing the Territorial Court, T. 5 App. IV, V.I.C. provides in part: "[m]oving papers, including proof of service on all motions, *shall be filed at least 2 days prior to the day of the hearing* in order that the motion may be placed on the calendar." (Emphasis added.)

■ This case was a simple debt action and had been on file for five and one-half months. It had been postponed once. Notice of the September 14 hearing date went out on August 26, and given three days to reach St. Thomas, afforded plaintiff's counsel two weeks to make a request for continuance. To wait until an hour before the close of business on the Friday preceding the scheduled hearing far exceeds the bounds of reasonable conduct. What is more disturbing is that counsel, evidently confident that the request would be granted on the strength of simply making the motion, was not available for the Monday trial date.

Such practice is not condoned, and is vigorously discouraged. This Court will not hesitate to utilize, under the proper circumstances, the full panoply of options available in order to insure that cases set for trial are either heard at the scheduled time, settled, or continued in a manner conforming to the rules of court.