**SUN ISLAND CAR RENTALS, INC., Plaintiff**

v.

**ALPHONSE E. BLYDEN and FERNANDO DYER, Defendants**

Civil No. 197/1981

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

December 1, 1981

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for plaintiff*

LEONARD B. FRANCIS, JR., ESQ., St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Cross motions for summary judgment require the court to determine (1) whether a car rental agreement's lack of collision insurance

coverage conflicts with 20 V.I.C. §§ 418, 419 and 703 (1976) and relevant case law, and (2) whether a subsequent settlement agreement is void for lack of consideration. There being no material issues of fact, the court will grant summary judgment in favor of the plaintiff, Sun Island Car Rentals, Inc. (hereinafter Sun Island).

The facts are undisputed. On May 5, 1981, defendant Alphonse E. Blyden leased a car from Sun Island. The rental agreement limited use of the vehicle to Blyden and his immediate family members, who were twenty-five years old and possessed valid driver's licenses. It also provided liability insurance coverage. Blyden agreed to a $3.50 per day collision damage waiver for which Sun Island agreed to assume liability for more than $50.00 in damages to the vehicle from a collision. Blyden further agreed that if he operated the vehicle in violation of the agreement, he would be liable for all damages to the rental vehicle.

Blyden loaned the rental car to defendant Dyer, who did not possess a valid driver's license. While driving the car on May 14, 1981, Dyer had an accident that caused $4,837.50 in damage to the rental car. Subsequently, Blyden and Dyer signed a settlement agreement with the Sun Island for $3,587.50,[1] which Blyden now seeks to have declared void.

■ Blyden asserts that the rental agreement conflicts with 20 V.I.C. §§ 418, 419 and 703 (1976) because it does not provide for mandatory collision coverage. The court believes Blyden's assertion is misplaced. Sections 418. 419 and 703 require mandatory liability insurance on rental cars. Not one of these three sections, however, imposes the additional requirement of collision insurance.

Blyden relies on three cases which interpret these sections and which he asserts are dispositive of this case. Buntin v. Continental Insurance Co., 16 V.I. 3, 583 F.2d 1202 (3rd Cir. 1978); Continental Insurance Co. v. Bodie, 18 V.I. 76 (D.V.I. 1980) (Christian, C.J.), and American Home Assurance Co. v. De Freitas, 18 V.I. 26 (D.V.I. 1980). These three cases involve third-party liability claims in which the parties were the insurance companies and the operators of the vehicles who were not named on the car rental agreements. Each case centers on the issue of whether the operators were covered by the liability insurance policy issued to the car rental agency. This case, however, involves the car rental agency's attempt to enforce the rental agreement against the rentee of the car, and the court is required to determine whether the absence of a collision insurance

---

[1] Blyden has made a previous $1,250.00 payment to Sun Island.

provision in the agreement conflicts with Virgin Islands law. The court concludes it does not.

■ Buntin and American Home Assurance Company both make clear that nothing precludes this result. What both cases hold is that the contract between the customer and the rental car agency, even where there is a breach of contract by the customer, does not permit the insurer to escape coverage. This conclusion is founded on public policy considerations and the belief that rental agencies and their insurers should have foreseen that a rental car might be used by someone other than the rentee. In this case, however, the court is merely giving meaning to the contract between the parties by permitting the rental agency to enforce its contract with its customer. No third parties are affected, and public policy considerations are furthered by enforcing the contract between the parties.

■ Finally, Blyden asserts that the subsequent settlement agreement is void for lack of consideration. The court, however, is of the opinion that sufficient consideration was exchanged: Sun Island forbeared from suing Blyden and Dyer for the damage to its car and Blyden and Dyer agreed to make monthly payments toward reimbursement.

Judgment by default previously was entered against defendant Fernando Dyer. Accordingly, it is

ORDERED that summary judgment is granted in favor of Sun Island Car Rental, and it is

ORDERED that judgment be and hereby is granted to Sun Island Car Rental against defendants, Dyer and Alphonse E. Blyden jointly and severally, in the sum of $3,587.50.