**ALBERT SHEEN & JOEL H. HOLT, Plaintiffs**

**v.**

**CONTINENTAL INSURANCE COMPANY, Defendant**

Civil No. 1284-1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 21, 1982

WARREN B. COLE, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

ROBERT ZIMMERMAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

DANTE MATTIONI, ESQ., Philadelphia, Pa., U.S.A., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on plaintiffs' motions for partial summary judgment and imposition of sanctions. Plaintiffs appear by and through their attorneys Isherwood, Hunter and Diehm, Esqs., Warren B. Cole, Esq. of Counsel, and Mattioni, Mattioni & Mattioni, Ltd., Esqs., Dante Mattioni, Esq. of Counsel.

This case, upon analysis, is a relatively simple matter. It has, however, been slowly escalated to the status of a full blown monster of complexity because of the calculated efforts of counsel to create collateral, peripheral and illusory defenses and to confuse and obfuscate the discovery process. This is simply an attempt to delay the day of reckoning to a date which, in the eyes of defendant, will be more convenient to it.

Addressing first the simpler of the pending motions the Court will impose sanctions upon defendant for failure to attend a properly noticed deposition.

As this Court pointed out in its memorandum opinion of February 19, 1982, the proposed deposition was properly noticed. See Fed. R. Civ. P. Rule 30(b)(1). No protective order was ever granted. No legal basis for failure to attend the deposition has ever been advanced. The entire process of filing the motion for a protective order flies in the face of good faith effort to comply with the Rules of Civil Procedure. The Court makes this determination in light of the fact that the motion was filed on February 12, 1982, and related to a deposition to be taken on February 16, 1982. The intervening three days were, respectively, a Saturday, Sunday and Monday legal holiday. This conclusion is driven home with greater

force when one recognizes that the notice of deposition was served upon local counsel on January 26, 1982, a full 16 days before the return date. It has never been appropriate for counsel to assume the grant of a protective order merely as a result of filing a motion therefore. Cf. Florida Coca-Cola Bottling Co. v. Cafe de Paris, Inc., 17 V.I. 301 (Terr. Ct. 1981) (counsel in error to assume that continuance of trial granted simply by moving for continuance). On the contrary, it has always been the rule that until the Court actually grants the requested relief, no excuse for failure to attend a deposition exists.

In a factual setting such as exists in the case at bar, the Court is called upon to exercise its discretion in imposing a sanction which will "vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." Robinson v. Transamerica Ins. Co., 358 F.2d 37, 39 (10th Cir. 1966); Norman v. Young, 422 F.2d 470, 474 (10th Cir. 1970).

We hold that the appropriate sanctions to be here imposed are as follows:

1. Response to all discovery requests heretofore served by defendant upon plaintiffs is stayed until defendant has complied with the Notice of Deposition served upon it on February 18, 1982, and;

2. Defendant shall pay to plaintiffs the sum of $252.80 as reimbursement for expenses, including attorney's fees, incurred by reason of defendant's failure to attend the deposition noticed for February 16, 1982.

The second motion presents for determination what effect, if any, the decision of the District Court in the prior declaratory judgment action has on this case. The District Court in Continental Insurance Co. v. Bodie, 18 V.I. 76 (D.V.I. 1980), said:

> We find . . . that Preferred gave the rentee (Drummond in this case) permission to use the rented automobile for the rentee's "purposes and benefit". Bodie was using the car for Drummond's purposes and benefit . . . . '[T]he person actually operating it would be included within the omnibus clause and would be an additional insured under the policy.'
>
> . . .
>
> The Court disagrees with plaintiff's contentions as Bodie is an insured under the express terms of the policy.

Plaintiffs here have moved the Court to grant summary judgment in their favor solely with respect to the issue of defendant's liability for coverage under the policy of insurance. Defendant's response to

166

the motion for partial summary judgment has failed to advance any reasons or cite to any authority which convinces the Court that it should refrain from applying the doctrine of res judicata to this question. Defendant has, however, expended considerable effort in reciting its posture as to whether it is obligated to pay attorney's fees given the facts of this case. That is not the controlling issue now for determination.

▮▮ Res judicata prohibits parties from a relitigating in a later proceeding a cause of action previously decided. Lindquist v. Quinones, D.V.I.—St. Croix, Civ. No. 1978-10, July 31, 1978. It binds parties and those who stand in privity with them. See F. POORE & E. KOEBER, CYCLOPEDIA FEDERAL PROCEDURE § 15.656 (3d ed. 1968). "The fact that an appeal is pending does not prevent the application of the principles of res judicata." 18 G. COUCH, CYCLOPEDIA OF INSURANCE LAW § 74:794 (2d ed. 1968). See Stuart v. St. Jean, Terr. Ct. V.I.—St. T. & St. J., Civ. No. 256/1979, May 10, 1979. As Judge Young stated in Williams v. Ottley, D.V.I.— St. Croix, Civ. No. 28/1979, April 6, 1979, a finding of res judicata is founded upon an affirmative answer to three questions:

(1) Were the two actions premised on the same cause of action?
(2) Was there a final judgment on the merits?
(3) Was the party against whom the plea is asserted, a party or in privity with a party to the prior adjudication?

Id. at Typescript 3.

Despite the appeal now taken, Judge Christian's order of December 22, 1980, constitutes a final judgment. The defendant here was a party to the declaratory judgment action, and although plaintiffs were not, they stand in privity with Bodie, their client, who was an actual party in the declaratory judgment suit.

Various tests have been suggested for [the determination of whether the two actions are premised on the same cause of action], including whether the wrong for which redress is sought is the same in both actions, Hanson v. Hunt Oil Co., 505 F.2d 1237, 1240 (8th Cir. 1974), whether the same evidence would suffice to sustain both judgments, Hanson, supra, and whether both suits arise out of the same factual situation, Himel v. Continental Illinois National Bank and Trust Co., 430 F.Supp. 651, 653 (D.C. Ill. 1977).

Id. at Typescript 3.

The question of liability is the same issue here as that presented to

167

and decided by the District Court. Plaintiff's cause of action is derivative from that finding of liability. The Court is satisfied that an application of res judicata would not be, and is not, unwarranted when the facts of this case are applied to any of the tests enunciated above.

 Therefore, partial summary judgment, in favor of plaintiffs, is granted as to the issue of liability.